**INDIANA DEPARTMENT OF PUBLIC WELFARE, and Robert F. Smith, Individually and as Acting Director of the Indiana Department of Public Welfare, Appellants,**

v.

**Nannie CLARK, Appellee.**

**No. 1-1184A285.**

Court of Appeals of Indiana,
First District.

May 30, 1985.

Rehearing Denied July 10, 1985.

Linley E. Pearson, Atty. Gen., Gordon E. White, Deputy Atty. Gen., Indianapolis, for appellants.

Jamie L. Weinberg, Susan A. Failey, Legal Services Organization of Indiana, Inc., Bloomington, for appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

The Indiana Department of Public Welfare (Department) appeals the trial court's granting of summary judgment in favor of Nannie Clark (Clark) for the Department's unconstitutional denial of Clark's request for medicaid payments. We reverse.

## FACTS

On November 19, 1980, Clark submitted a request by her dentist to the Department

to obtain prior approval for payment for partial dentures. The Department denied the request on November 26, 1980. From this denial, Clark pursued her administrative remedies. A hearing was held before a Department hearing officer who upheld the denial of Clark's request. Clark appealed this decision to the State Board of Public Welfare (Board). On August 24, 1981, the Board notified Clark that it affirmed the denial of prior payment.

On September 9, 1981, Clark filed a complaint consisting of two counts in Monroe Superior Court. The first count requested judicial review, pursuant to the Indiana Administrative Adjudication Act (AAA), of the Board's decision. The second count alleged the Department and Robert Smith in his official capacity as the Department's director, violated, *inter alia*, Clark's equal protection and due process rights guaranteed by the fourteenth amendment to the U.S. Constitution. This count sought relief pursuant to 42 U.S.C. § 1983 in the form of compensatory damages for injuries sustained throughout the period of the alleged wrongful denial of her request for dentures.

The trial court, on discovering that the tape of the administrative hearing had been erased before transcription, remanded the case for another hearing. The trial court, however, retained jurisdiction. At the rehearing, the Department reversed itself. It agreed that Clark's request for prior payment should be granted and issued its new decision on July 22, 1982.

Clark then pursued her claim for damages under § 1983. She filed a motion for summary judgment. The trial court granted Clark's motion and awarded her $1,000 in damages. The Department appeals.

### ISSUE

Due to our decision we address only the single issue of whether the Indiana Tort Claims Act (ITCA) (Indiana Code sections 34–4–16.5–1 to 34–4–16.5–19) applies to Clark's § 1983 action.

### DISCUSSION AND DECISION

■ To determine whether the ITCA applies to Clark's § 1983 action we must determine the scope of the act. Ind.Code § 34–4–16.5–1 states that the ITCA applies to suits or claims in tort. Therefore, the initial inquiry involves characterization of the nature of Clark's claim.

Clark argues that as a matter of state law, the ITCA was not intended to apply to § 1983 actions. In *Luker v. Nelson* (N.D. Ill.1972) 341 F.Supp. 111, the federal district court interpreted the Illinois Governmental Immunity Act holding it did not apply to a § 1983 action. The court reviewed the statute and a number of Illinois court interpretations and reasoned that the act was intended to apply only to traditional common law torts committed by public officials. This decision has led Illinois state courts to adopt the general rule that the act does not apply to § 1983 actions brought in state court. *Firestone v. Fritz* (1983) 119 Ill.App.3d 685, 75 Ill.Dec. 83, 456 N.E.2d 904.

If the interpretations of the ITCA by Indiana courts likewise supported the ITCA's application to traditional common law torts only, we would be inclined to adopt the Illinois analysis. However, no basis in state law exists to support such a distinction. In fact, in addition to actions involving common law torts our courts have required compliance with the ITCA in actions involving statutorily created rights; most notably in wrongful death actions. *See e.g., Scott County v. Stamper* (1981), Ind.App., 425 N.E.2d 264, *trans. denied* (180 day notice provision applied in wrongful death action against political subdivision); *Speidel v. State* (1979), Ind.App., 386 N.E.2d 180, *trans. denied* (Ind.Code § 34–4–16.5–17 applies in wrongful death actions). Moreover, in *City of Terre Haute v. Brighton* (1983), Ind.App., 450 N.E.2d 1039, *trans. denied,* a § 1983 claim was brought against the city by certain firemen and the city argued the suit was precluded because of the plaintiff's failure to comply with the ITCA notice requirement. This court's holding that the ITCA was inappli-

cable was not based on a general rule that § 1983 suits are outside the scope of the act. Rather, our decision was restricted to the facts of the case which revealed the suit was not in tort but rather contractual in nature.[1] Therefore, we are not persuaded that the ITCA is inapplicable to § 1983 actions brought in state court.

Next, Clark argues that as a matter of federal law, § 1983 cases should not be characterized as torts. *Movement for Opportunity v. General Motors* (7th Cir. 1980), 622 F.2d 1235, 1242. This precise issue was addressed by the supreme court in *Wilson v. Garcia* (1985), — U.S. —, 105 S.Ct. 1938, 85 L.Ed.2d 254. The Court held that § 1983 suits are most properly characterized as torts. "Congress unquestionably would have considered the remedies established in the Civil Rights Act to be more analogous to tort claims for personal injury ..." *Id.* — U.S. at —, 105 S.Ct. at 1948. Therefore, Clark's § 1983 action is a suit in tort and consequently the ITCA applies.

The threshold requirement of the ITCA is that the plaintiff file a notice of claim with the state agency and attorney general within 180 days from the date of the loss. Ind.Code § 34-4-16.5-6. No formal notice was ever served by Clark. Therefore, unless she is exempt from the notice requirement, her suit is barred. *Poole v. Clase* (1985), Ind., 476 N.E.2d 828.

■ Clark argues that the ITCA notice provision is inapplicable to § 1983 actions because it is contrary to federal policy. In *Bell v. Metropolitan School District of Shakamak* (S.D.Ind.1983), 582 F.Supp. 3, the question was which Indiana statute of limitations should apply in § 1983 actions. The court rejected the 180 day notice provision and held the two year tort statute in Indiana Code section 34-1-2-2(1) should apply. *Id.* at 8. If the 180 day notice provision was actually a statute of limitation we would agree that it should not apply in § 1983 actions. *Wilson,* — U.S. at — –

—, 105 S.Ct. at 1947–51; *Movement for Opportunity,* 622 F.2d at 1244; *Hill v. Trustees of Indiana University* (7th Cir. 1976), 537 F.2d 248. However, we respectfully submit the district court in *Bell* erred by treating the notice provision as a statute of limitation. The ITCA notice provision is not a statute of limitation. *City of Fort Wayne v. Cameron* (1977), 267 Ind. 329, 370 N.E.2d 338. Rather, it is a procedural precedent which must be fulfilled before filing suit in a state court. *Thompson v. City of Aurora* (1975), 263 Ind. 187, 325 N.E.2d 839. Because it is a procedural precondition to sue, it overrides the procedural framework of § 1983 when the litigant chooses a state court forum. *May v. Blinzinger* (1984), Ind.App., 460 N.E.2d 546, *trans. denied* (failure to exhaust state administrative remedies bars § 1983 action in state court); *Thompson v. Medical Licensing Board* (1979), 180 Ind.App. 333, 398 N.E.2d 679 *cert. denied* 449 U.S. 937, 101 S.Ct. 335, 66 L.Ed.2d 160 (same); *cf. Monroe v. Pape* (1961), 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (exhaustion of state administrative remedies not a precondition to suing under § 1983 in federal court). Despite the holding in *Bell* we find the 180 day notice of claim provision applies to § 1983 actions brought in state court. *Mills v. County of Monroe* (1983), 59 N.Y.2d 307, 464 N.Y.S.2d 709, 451 N.E.2d 456.

■ Clark next argues alternatively that there was substantial compliance with the notice provision. Substantial compliance requires that the purpose of the notice requirement be served and that the claimant comply with his affirmative duty of delivering some writing to the agency. *Geyer v. City of Logansport* (1977), 267 Ind. 334, 370 N.E.2d 333. Clark says these two elements were satisfied by legal memoranda she submitted in conjunction with the administrative proceedings.

---

1. The supreme court's recent decision in *Wilson v. Garcia* (1985), — U.S. —, 105 S.Ct. 1938, 85 L.Ed.2d 254, casts doubt on the validity of the characterization of the underlying action in *Brighton* as contractual in nature.

■ Assuming the legal memoranda were properly delivered, substantial compliance is still absent because the purpose of the notice provision was not served. The purpose of this requirement is to inform the state agency of the circumstances surrounding the incident so it can investigate, determine its possible liability and prepare a defense to the claim. *Geyer*, 267 Ind. 334, 370 N.E.2d 333. Any knowledge obtained, concerning the circumstances of Clark's injury through the administrative process did not aid the Department in determining its liability or in preparing a defense. As Clark correctly states in her brief, damages are not available under the AAA and thus the Department was never exposed to liability throughout the administrative process. Consequently, until the Department was aware it was being sued for damages under § 1983 it had no reason to prepare a defense to such an action. Any information gained through the administrative process was insufficient to satisfy the purpose of the notice requirements.

■ There is another document in the record which could have satisfied the notice requirements. Although not argued, it is necessary for us to determine whether the § 1983 complaint filed by Clark satisfied the notice provision.

Whether or not a complaint, served on the proper state officials can also satisfy the ITCA notice provision has never been addressed. Under the Illinois Governmental Immunity Act notice must be served on the political subdivision within a certain period or the claimant's suit is barred. Ill. Rev.Stat.Ann. ch. 85 § 8–102. The Illinois courts have held that the legislative history of this act supported allowing a complaint simultaneously to satisfy the statutory notice provision. *Rio v. Edward Hospital* (1984), 104 Ill.2d 354, 84 Ill.Dec. 461, 472 N.E.2d 421; *Dunbar v. Reiser* (1976), 64 Ill.2d 230, 1 Ill.Dec. 89, 356 N.E.2d 89. However, unlike the ITCA, a claimant may sue under the Illinois act as soon as notice

is served. Before suit can be filed against a governmental entity in Indiana, the claimant must not only send a notice of claim within 180 days, but wait until the claim is denied. *See* Ind.Code §§ 34–4–16.5–6, 34–4–16.5–10 and 34–4–16.5–12. A New York statute has a similar waiting period before suit may be filed against a political subdivision. In *Davidson v. Bronx Municipal Hospital* (1984), 64 N.Y.2d 59, 484 N.Y.S.2d 533, 473 N.E.2d 761, the court held that the plaintiff's complaint could not also be considered the notice of claim to the municipality. Consequently, the court held timely notice was not served. *Id.*, 484 N.Y.S.2d 535, 473 N.E.2d at 763. Because the ITCA also contains a waiting period before suit can be filed, we are persuaded to follow the New York Court of Appeals' holding. Considering the entire statutory scheme of the ITCA, we believe the legislature intended the notice of claim and complaint to be two separate documents; the latter being served only after denial of the former. *Walker v. Memering* (1984), Ind.App., 471 N.E.2d 1202, 1204. Consequently, Clark's complaint may not also satisfy the notice provision. Therefore, we find nothing in the record that reveals substantial compliance with the notice provision.[2]

■ Clark's final attempt to avoid being barred by her failure to file notice is her argument that the state waived the affirmative defense. The Department's original answer did not raise failure to comply with the ITCA notice provision. The Department later moved to amend their answer to include the defense. The granting of this motion is now challenged by Clark on appeal.

The granting of a motion to amend a pleading to add an affirmative defense is within the trial court's discretion. *Cox v. Indiana Subcontractors Association, Inc.* (1982), Ind.App., 441 N.E.2d 222; *Criss v. Bitzegaio* (1981), Ind., 420 N.E.2d 1221. We review the trial judge's decision by determining whether he abused his discre-

---

2. Since nothing in the record indicates substantial compliance with Ind.Code § 34–4–16.5–6 we need not discuss the issue of timeliness of no-

tice. Therefore, we express no opinion as to when the 180 day notice period began to run.

**704**

tion resulting in prejudice to the plaintiff. *Id.* The only prejudice Clark argues she suffered is that she is now barred from pursuing her claim. She contends, if the Department had raised its affirmative defense in its original answer, she still could have filed her notice of claim because the 180 day time limit had not run. Such prejudice is not the result of the Department's amendment. Rather, it is due to Clark's failure to fulfill her affirmative duty to provide notice. Finding the amendment caused no prejudice to Clark we conclude the trial judge did not abuse his discretion.

Clark's § 1983 action is barred due to her failure to comply with the ITCA notice provision.

Judgment reversed.

NEAL and ROBERTSON, JJ., concur.