**O.B. SPENCER, Appellant,**

v.

**CITY OF SEAGOVILLE, Texas, Don Smith, Sherry Koleszar, and Marion Hoy, Appellees.**

No. 05–83–00813–CV.

Court of Appeals of Texas, Dallas.

Nov. 18, 1985.

**954**

Charles Turner, Dallas, for appellant.

Marc H. Richman, Dallas, for appellees.

Before TUNKS [1], C.J., and ALLEN and KEITH [2], JJ.

## ON MOTION FOR REHEARING

TUNKS, Chief Justice (Retired).

We grant appellant's motion for rehearing in part, withdraw our former opinion, and substitute the following opinion. O.B. Spencer brought suit in the trial court asserting that appellees violated his civil rights under 42 U.S.C. § 1983. The appellees, from whom Spencer sought recovery of money damages, are the City of Seagoville, Texas, a municipal corporation; Don Smith, mayor and municipal judge of Seagoville; Sherry Koleszar, Secretary of Seagoville and clerk of its municipal court; and Marian Hoy, deputy clerk of Seagoville's municipal court.

Spencer appeals from a summary judgment granted in favor of the appellees. In two points of error, Spencer maintains that the trial court erred in rendering summary judgment for appellees because (1) there are disputed issues of fact and (2) the defenses presented by appellees do not bar his section 1983 suit. In a third point of error presented by supplemental brief, Spencer contends that summary judgment was improperly based on his failure to state a cause of action. We reverse the judgment in favor of the City and remand that cause, but we affirm the judgments in favor of the individual defendants.

Spencer's second amended petition states that Koleszar and Hoy signed and filed complaints against him for his failure to appear in court in connection with traffic citations. Acting on these complaints, Smith issued several warrants for Spencer's arrest. Spencer claims that the warrants were legally insufficient because they were based on complaints which appeared false on their face. Pursuant to the arrest warrants, Dallas County Sheriff's deputies

---

1. The Honorable Bert H. Tunks, Chief Justice, Fourteenth Court of Appeals, Houston, retired, sitting by assignment.

2. The Honorable Quentin Keith, Justice, Ninth Supreme Judicial District, retired, sitting by assignment.

arrested and jailed Spencer. He alleges that these deputies, hired to act as police officers for Seagoville, treated him cruelly during both his arrest and his incarceration. He says he was later acquitted of the traffic offenses.

Moreover, Spencer claims that his arrest and incarceration resulted from his criticism of Seagoville's administration and that Smith, Koleszar, and Hoy, employees of Seagoville, instigated his arrest and incarceration to embarrass and harass him in the presence of his friends and other Seagoville citizens. Further, Spencer alleges that he has been falsely imprisoned and maliciously prosecuted and that such actions were taken against him in violation of his constitutional right to free speech.

### Claim Against The City

The City's motion for summary judgment was based on three grounds: 1) the doctrine of sovereign immunity, (2) the plaintiff's failure to give notice to the City under the Texas Tort Claims Act, TEX.REV. CIV.STAT.ANN. art. 6252–19 § 16 (Vernon Supp.1985), and (3) the defendant's lack of control over the actions of the Sheriff's deputies. Since these are the only grounds asserted in the motion for summary judgment, we may uphold the judgment only on these grounds. *Roling v. McGeorge,* 645 S.W.2d 886, 887 (Tex.App.—Tyler 1983, no writ); *Avinger v. Campbell,* 499 S.W.2d 698, 702 (Tex.Civ.App.—Dallas), *writ ref'd n.r.e. per curiam,* 505 S.W.2d 788 (Tex. 1974).

■ The doctrine of sovereign immunity is not an absolute bar to a section 1983 suit against the City. In *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that private individuals may directly sue municipalities under section 1983 for constitutional deprivations inflicted upon them pursuant to a governmental custom, policy, ordinance, regulation, or decision. Thus, the City's plea of sovereign immunity was not, in and of itself, enough to show that

the City was entitled to judgment as a matter of law.

■ To hold a city liable under section 1983 for unconstitutional acts of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Batista v. Rodriguiz,* 702 F.2d 393, 397 (2d Cir.1983). In other words, the plaintiff bears the burden of showing that the city "maintained or practiced an unconstitutional or unlawful 'policy' or 'custom,' ... and second that that policy or custom 'caused' or was the 'moving force' behind the violation." *Dominguez v. Beame,* 603 F.2d 337, 341 (2d Cir.1979), *cert. denied,* 446 U.S. 917, 100 S.Ct. 1850, 64 L.Ed.2d 271 (1980); *Augustyniak v. Koch,* 588 F.Supp. 793, 799 (S.D.N.Y.1984).

■ The City's allegation in its motion for summary judgment and proof in its supporting affidavits that it had no control over the deputies might, if uncontroverted, establish that no city policy or custom caused any deprivation of rights related to the *manner* of Spencer's arrest or incarceration. However, even if we assume that the City established this allegation as a matter of law, we could not conclude that the City is entitled to judgment. Assuming that no policy or custom of the City caused any deprivation related to the *manner* of Spencer's arrest or incarceration, it still may be that a policy or custom of the City was the moving force instigating an unlawful arrest of Spencer. The motion for summary judgment makes no allegation denying this possibility; nor does the summary judgment proof negate it.

■ Nor does Spencer's failure to give notice under the Texas Tort Claims Act bar his section 1983 cause of action. Most courts that have confronted this issue have refused to bar a plaintiff for failure to comply with the notice of claim provisions of local tort claims acts. *Brown v. United States,* 742 F.2d 1498 (D.C.Cir.1984) (en banc), *cert. denied,* —— U.S. ——, 105 S.Ct. 2153, 85 L.Ed.2d 509 (1985) (and *see* cases

cited at 1509 n. 6); also *see Burroughs v. Holiday Inn*, 606 F.Supp. 629 (W.D.N.Y. 1985); *Bell v. Metropolitan School District of Shakamak*, 582 F.Supp. 3, 5 (S.D. Ind.1983); *Firestone v. Fritz*, 119 Ill. App.3d 685, 75 Ill.Dec. 83, 87, 456 N.E.2d 904, 908 (1983); *cf. Gipson v. Township of Bass River*, 82 F.R.D. 122, 126–27 (D.N.J. 1979) ("[a] state tort claims statute simply cannot be used to bar a federal right"); *but see Deary v. Three Un-Named Police Officers*, 746 F.2d 185, 193–94 (majority opinion) and 199 (Higginbotham, J., concurring and dissenting) (3d Cir.1984); *Indiana Department of Public Welfare v. Clark*, 478 N.E.2d 699, 701–02 (Ind.Ct.App.1985); *Mills v. County of Monroe*, 59 N.Y.2d 307, 464 N.Y.S.2d 709, 451 N.E.2d 456 (1983), *cert. denied*, 464 U.S. 1018, 104 S.Ct. 551, 78 L.Ed.2d 725. We need not decide, however, whether the Texas notice of claims provision is *ever* applicable to a section 1983 action. The circumstances of this case are such that we may reserve judgment on that broad question. Instead, we decide only that given the circumstances of this case, the notice of claims provision is not here applicable.

Spencer does not purport to sue under the Texas Tort Claims Act. Indeed, he could not have sued under it. *See* TEX. REV.CIV.STAT.ANN. art. 6252–19 § 14(10) (Vernon 1970) (no claim allowed under Tort Claims Act for false imprisonment or other intentional tort). We could hardly expect Spencer to comply with the procedures of the Tort Claims Act when he could not have proceeded under it. We must view him as taking another avenue for relief outside the terms of that Act. We note also that in all the cases we have found in which courts have applied notice of claims statutes to section 1983 suits, the plaintiff apparently had recourse under the local statute. *Deary*, 746 F.2d at 193; *Indiana Department of Public Welfare*, 478 N.E.2d at 701–02; *Mills*, 59 N.Y.2d at 309, 464 N.Y.S.2d at 710, 451 N.E.2d at 457. Thus, in this case we cannot regard the notice of claim provision as a "procedural precondition to sue," as the court regarded it in the *Indiana Department of Public Welfare* case. *Indiana Department of Public Welfare*, 478 N.E.2d at 702.

■ Neither can we regard it as a statute of limitations. Since section 1983 has no statute of limitations, courts must borrow a statute of limitations from the law of the forum State. *Wilson v. Garcia*, —— U.S. ——, —— – ——, 105 S.Ct. 1938, 1942–43, 85 L.Ed.2d 254, 260–61 (1985). The United States Supreme Court, in *Wilson v. Garcia*, explicitly rejected state tort claims acts as a source for the appropriate section 1983 statute of limitations. *Wilson*, —— U.S. at ——, 105 S.Ct. at 1949, 85 L.Ed.2d at 268. Instead, the court held that section 1983 suits have the character of personal injury actions and that the general state statute of limitations for personal injury actions should consequently apply to them. *Id.*, —— U.S. at —— – ——, 105 S.Ct. at 1949, 85 L.Ed.2d at 268–69. We therefore cannot borrow the notice of claim provision from the Texas Tort Claims Act as a statute of limitations. We conclude that Spencer's failure to comply with the notice of claim provision does not justify the summary judgment in favor of the City. Hence, none of the grounds asserted in the City's motion for summary judgment support the judgment in favor of the City.

■ In its appellate brief, however, the City argues that Spencer did not even plead a section 1983 cause of action, since he failed to allege that some City policy or custom was the cause of his deprivation of constitutional rights. Our examination of Spencer's second amended petition reveals that the City is right about the deficiency in Spencer's pleading. But even so, we cannot uphold the summary judgment on that ground because of the City's failure to assert it in its motion for summary judgment.

■ Moreover, even if the City's motion for summary judgment had pointed out Spencer's failure to state a cause of action, we could not on that basis uphold the summary judgment. Summary judgment is an inappropriate vehicle for resolving the issue of whether pleadings fail to

state a cause of action. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983). When pleadings fail to state a cause of action, the proper course for the opposing party is to file special exceptions. If the trial court sustains these, and the pleadings, after an opportunity for amendment, still fail to state a cause of action, the appropriate remedy is dismissal, not summary judgment. *Id.* However, at least one appellate court has affirmed a summary judgment on the ground that the pleadings, after proper special exceptions and opportunity to amend, failed to state a cause of action. *Lane v. Dickinson State Bank*, 605 S.W.2d 650, 653 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). Another has implied that it would affirm in such a case. *Professional Association of College Educators v. El Paso County Community College District*, 678 S.W.2d 94, 96 (Tex.App.—El Paso 1984, writ ref'd n.r.e.). Apparently, at least a partial rationale for these opinions is that summary judgment in this situation serves as the functional equivalent of the appropriate remedy, dismissal, and that reversal is consequently not warranted.

▪ The City did file special exceptions in this case. However, these special exceptions do not with particularity point out the failure of Spencer's petition to plead, as a necessary element of a section 1983 cause of action, a City policy or custom that caused his allegedly unlawful arrest. Rather, the special exceptions' two references to failure to state a cause of action only assert: (1) that the portions of Spencer's original petition referring to the "actions of his Attorney and his efforts to obtain a Writ of Habeas Corpus" state no cause of action, and (2) that paragraph II of the petition (dealing with the filing of an allegedly false complaint) "is so vague and unintelligible and fraught with references to ambiguous terms so as to prevent Defendants from being able to reasonably determine any cause of action being pled ..." At best, these exceptions are in the nature of a general demurrer. Thus, they are inadequate, since special exceptions must be specific enough to inform the opposing

party of the particular defect in the pleading. *Dierlam v. Clear Lake Hospital*, 593 S.W.2d 774, 775 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *McCamey v. Kinnear*, 484 S.W.2d 150, 153 (Tex.Civ. App.—Beaumont 1972, writ ref'd n.r.e.); TEX.R.CIV.P. 91. Therefore, if the City's motion for summary judgment had asserted Spencer's failure to state a cause of action, we still could not affirm in reliance on these special exceptions. To do so would be to circumvent the protective features of the special exception procedure in contravention of the command of the Texas Supreme Court. *See Massey v. Armco Steel Co.*, 652 S.W.2d at 934.

The City argues, in a response brief, that Spencer waived any argument concerning the impropriety of granting a summary judgment against him for failure to state a cause of action, since he did not raise the issue. The City, of course, itself waived failure to state a cause of action as support for the summary judgment by not asserting that ground in its motion for summary judgment. Furthermore, it would be unfair to require Spencer to make reply arguments to a ground the City did not assert in its motion. The import of such a holding would be to put on non-movants the burden of anticipating every ground a movant *might* have asserted in his motion and replying to all such grounds. The absurdity of this result undoubtedly provides at least a partial rationale for the courts' position that grounds not asserted in the motion cannot support a summary judgment on appeal.

Thus, we must sustain the second point of error and reverse the summary judgment in favor of the City. It may seem strange to reverse the judgment when the record before us reveals no cause of action against the City, but we are required to do so in light of the inadequacies of the City's motion for summary judgment, and, alternatively, its special exceptions.

### Claim against Judge Smith

▪ The Supreme Court has ruled that absolute immunity extends to all judicial

acts unless such acts fall clearly outside the judge's subject-matter jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Further, the Court has stated that:

> Disagreement with the action taken by the judge, however, does not justify depriving that judge of his immunity. Despite the unfairness to litigants that sometimes results, the doctrine of judicial immunity is thought to be in the best interests of 'the proper administration of justice ... [, for it allows] a judicial officer, in exercising the authority vested in him [to] be free to act upon his own convictions, without apprehension of personal consequences to himself.'

*Stump,* 435 U.S. at 363, 98 S.Ct. at 1108, 55 L.Ed.2d at 343 (citing *Bradley v. Fisher,* 13 Wall. 335, 347, 20 L.Ed. 646, 649 (1872)); *see also Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) (judicial immunity applies even when a judge is accused of acting maliciously and corruptly).

▪ Spencer claims that Smith was not acting within his judicial jurisdiction, but was using his position as municipal judge to "persecute his enemies and critics." There is nothing in our record to indicate that Smith was acting on personal vendetta when he issued the warrant for Spencer's arrest. The affidavits of Smith and Koleszar both state that the actions taken against Spencer were done in their official capacities pursuant to the normal course of operation in the municipal court. Nothing in our record indicates otherwise. Accordingly, we hold that Smith was immune from liability under the doctrine of judicial immunity and summary judgment in favor of Smith was proper.

### The Claims Against the Court Clerks, Koleszar and Hoy

▪ Spencer claims that the clerks of Seagoville's municipal court are not entitled to absolute judicial immunity. We disagree. There is ample authority in support of the rule that court clerks, acting in the course of their duties, have the same immunity as judges.

In *Slotnick v. Staviskey,* 560 F.2d 31 (1st Cir.1977), *cert. denied,* 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978), the plaintiff filed suit against a state court judge, the clerk of the court and others, alleging that his civil rights had been violated, pursuant to 42 U.S.C. § 1983. The trial court dismissed the case. The plaintiff appealed. The appellate court held that both the state court judge and the clerk of his court were immune from suit under section 1983. In *Sullivan v. Kelleher,* 405 F.2d 486 (1st Cir.1968), the plaintiff sued the clerk of a state court claiming denial of his civil rights. The trial court rendered summary judgment for defendant. On appeal the court held that the judicial immunity extends to the clerk of a court. In *Davis v. McAteer,* 431 F.2d 81, 82 (8th Cir.1970), the court said: "This court and others have specifically held that clerks of court are entitled to immunity the same as judges." *See also Zimmerman v. Spears,* 428 F.Supp. 759 (W.D.Tex.1977), *aff'd,* 565 F.2d 310 (5th Cir.1977).

Spencer cites *Cronen v. Nix,* 611 S.W.2d 651 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), *cert. denied,* 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 112 (1981), in support of his contention that Hoy and Koleszar are not immune from liability. *Cronen* does not support Spencer's contention. In that case the defendant, Nix, a traffic officer of Galena Park, arrested the plaintiff, Cronen, for running a red light. The arrest was lawful. When Cronen either refused or was unable to give his name and address, the officer took him to the police station to post bond. He was unable to post bond and was held for 10 hours until a lawyer came and posted bond for him. There is no suggestion in the court's opinion that any judicial action or court order was involved. Cronen sued Nix and Galena Park. The trial court rendered summary judgment for defendant. The appellate court affirmed as to the City, on the ground of sovereign immunity, but reversed and remanded as to Nix, the peace officer. The case did not involve any is-

sues as to judicial immunity and is no authority for Spencer's contention.

We realize that in *Thomas v. Sams,* 734 F.2d 185 (5th Cir.1984), the United States Court of Appeals for the Fifth Circuit held that a municipal court judge's swearing out a complaint was not in that case a judicial act. The court in *Thomas,* however, did not hold that it is impossible for swearing out a complaint to be a judicial act. The key consideration in deciding whether initiating a criminal prosecution is a judicial act is whether initiating such a prosecution is a normal function of the judicial officer. *Sevier v. Turner,* 742 F.2d 262, 272 (6th Cir.1984); *see also Holloway v. Walker,* 765 F.2d 517, 524–25 (5th Cir.1985); *Brewer v. Blackwell,* 692 F.2d 387, 396–97 (5th Cir.1982).

The complaints Koleszar and Hoy signed and filed were complaints for failure to appear in court. It is conceivable that signing and filing complaints of that kind may be a normal function of municipal court clerks. Koleszar's affidavit states that she and Hoy were acting under orders of the court, in the normal course of the operation of the court, as officers of the court.

Smith's affidavit confirms that they were acting as officers of the court in the normal course of the operation of the court. There is thus summary judgment evidence, which appellant did not controvert, that the clerks' signing and filing the complaints were part of their normal functions as court clerks. The City consequently established that all of the clerks' acts at issue were judicial acts. We therefore conclude that the clerks enjoyed judicial immunity with respect to them and that the summary judgment in favor of the clerks was proper.

### Conclusion

We reverse the judgment in favor of the City and remand that cause to the trial court. We affirm the judgments in favor of the individual defendants Smith, Koleszar, and Hoy.