208 N.J. Super. 679 (1986)
506 A.2d 824
PATRICIA HEALEY, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF DOVER; ROBERT TOSCAN; RODEN LIGHTBODY; JOSEPH VICARI; THOMAS RENKIN; ALBERT DECARLO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 29, 1986.
Decided March 20, 1986.
*681 Before Judges BRODY, GAYNOR and BAIME.
Kathleen A. Terry argued the cause for appellant (Carluccio & Liston, attorneys; Kathleen A. Terry, on the brief).
James P. Granello argued the cause for respondents (Murray & Granello, attorneys; James P. Granello, of counsel and on the brief; Stephen E. Trimboli, on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
This appeal comes to us as a result of a misstatement in the case information sheet that the order appealed from disposed of "all issues as to all parties." In fact the order left undisturbed plaintiff's claims against five of the six defendants in six of the seven counts of her complaint. In the interest of clarifying the parties' evident confusion over what has been adjudicated, however, we now grant plaintiff leave to appeal nunc pro tunc. Stigliano v. St. Rose High School, 198 N.J. Super. 520, 523, n. 1 (App.Div. 1984).
Plaintiff brought this action for damages based on claims that her former employer, defendant Township of Dover, and the other five defendants, Township officers and employees, underpaid her and otherwise harassed and discriminated against her at work because of her sex and unmarried status. She rests her claims upon the protection afforded under the state constitution and state statute. N.J.Const. (1947), Art. I, par. 1; N.J.S.A. 10:5-12(a).
The order appealed from summarily dismissed all claims against the Township contained in the first six of the seven *682 counts of plaintiff's verified complaint. The basis for the dismissal is plaintiff's failure to present the timely notice of claim required by the Tort Claims Act as a condition to recovering against a public entity. N.J.S.A. 59:8-8 requires that the notice be presented "not later than the ninetieth day after accrual of the cause of action." Another trial judge had previously refused to allow late filing of the notice under N.J.S.A. 59:8-9. The order also dismissed the seventh count. That count alleged that all defendants had committed a specific act of discrimination against plaintiff. The trial judge dismissed the seventh count because though the notice of that claim was timely, the claim did not state a separate cause of action.
In the appeal from the dismissal of the claims against the Township, plaintiff's sole argument is that her claims are not governed by the Tort Claims Act because "her complaint alleges [a] cause of action sounding in contract and is governed by N.J.S.A. 2A:14-1," the general six-year statute of limitations for claims not based on "an injury to the person." See N.J.S.A. 2A:14-2. The Tort Claims Act applies to claims against public entities for an "injury." N.J.S.A. 59:1-3 broadly defines "injury" to mean:
death, injury to a person, damage to or loss of property or any other injury that a person may suffer that would be actionable if inflicted by a private person.
Essentially plaintiff claims that the Township inflicted personal and monetary injuries on her through sexual harassment and invidious discrimination. Those claims fall within the expansive Tort Claims Act definition of "injury" that includes "injury to a person" and "damage to or loss of property." Lloyd v. Stone Harbor, 179 N.J. Super. 496, 511-512 (Ch.Div. 1981). Plaintiff's reliance on Leese v. Doe, 182 N.J. Super. 318 (Law Div. 1981), is misplaced. Aside from whether that case was correctly decided, it merely held that claims against a private employer based on sexual harassment and lost wages are not claims of "an injury to the person" and therefore may be brought within six years under the general statute of limitations. Applicability of *683 the 90-day notice provision in the Tort Claims Act was not an issue.
The other provision in the order appealed from dismissed plaintiff's seventh count "as against all the defendants" because it "has not set forth a claim upon which relief can be granted...." Elsewhere in her verified complaint plaintiff stated that she had been "constructively discharged from her position" on November 11, 1983, in that the alleged acts of harassment and discrimination forced her to quit. In the seventh count plaintiff alleged a separate claim based on an alleged act of discrimination against her occurring April 3, 1984, when allegedly all defendants hired a married man to replace her and paid him a higher salary than she was paid when she had quit five months earlier.
Defendants contend that hiring plaintiff's male replacement at a higher salary was not a separate act of discrimination against her because she did not apply for the position at that time. Plaintiff correctly points out in her brief that her claim in the seventh count is not based on the failure to hire her, but on the failure to pay her the salary a married man would have been paid for the same work. Plaintiff makes the point as follows:
Plaintiff is not seeking to prove that the Defendants did not want to hire her because she is a single female, rather Plaintiff is seeking to prove that she was not equally paid with her married male successor....
Plaintiff's argument, however, proves defendants' ultimate point that the act of hiring her male replacement was not an act of discrimination against her.
If there was discrimination regarding the level of her salary, the discrimination occurred, as plaintiff says in her brief, when "she was not equally paid." That was during her employment, and any claim based on that discrimination is already comprehended by the claims in the first six counts of the complaint. If, as plaintiff contends, her replacement was paid a higher salary than she solely because of his sex and marital status, that would be admissible evidence that she had been discriminated *684 against during her employment and would also be evidence of damages. See Patkus v. Sangamon-Cass Consortium, 769 F.2d 1251, 1260 (7 Cir.1985).
We note in this connection that plaintiff does not contend that her salary discrimination claim accrued when her replacement was hired. She stated in her verified complaint that she had quit "as a result of the repeated and continual acts of sex discrimination by the Defendants," which included being assigned more responsibility for "less pay than males holding comparable responsibility and position." Had plaintiff not reasonably known that she was the alleged victim of salary discrimination until she discovered that defendants paid her male replacement a higher salary than they had paid her, her claim would not have accrued until then and her notice of claim would have been timely. Kenney v. Scientific, Inc., 204 N.J. Super. 228, 245 (Law Div. 1985). See Fuller v. Rutgers, The State University, 154 N.J. Super. 420, 423-424 (App.Div. 1977), certif. den. 75 N.J. 610 (1978).
Affirmed and remanded for trial of the remaining claims against the remaining defendants.