CV4-019 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00019-CV







Bob Matyastik, Appellant



v.



Charles E. Lance, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 23,619, HONORABLE ROBERT M. STEM, JUDGE PRESIDING







PER CURIAM




 Appellant Bob Matyastik, acting pro se, sued appellee the Honorable Charles
Lance, judge of the 20th District Court of Milam County, for monetary damages based on a claim
of false imprisonment. Appellant alleged that Judge Lance unlawfully held appellant in contempt
of court and sentenced appellant to serve two days in jail and pay one hundred dollars in fines. 
The court granted summary judgment for Judge Lance based on judicial immunity.

 This suit arises out of a judgment for contempt rendered in two bond forfeiture
cases, in which appellant was one of the sureties. Judge Lance issued the contempt order for
repeated violations of the court's order in limine. Judge Lance, the duly elected judge of the 20th
Judicial District Court of Milam County, was acting as County Judge Pro Tem for the County
Court of Milam County under an appointment by County Judge Roger Hashem. This court
previously has held (1) that Judge Lance was not properly appointed to sit in the bond forfeiture
cases.

 In one point of error, appellant argues that summary judgment was improper. He
argues that judicial immunity does not shield Judge Lance because of the improper appointment. 
We disagree.

 A judge is immune from liability for acts performed in judicial proceedings over
which the judge has jurisdiction. Turner v. Pruitt, 342 S.W.2d 422, 423 (Tex. 1961). Judicial
immunity confers immunity from suit, not just from the ultimate assessment of damages. Mitchell
v. Forsyth, 472 U.S. 511, 526 (1985). Judicial immunity can be overcome in only two
circumstances. First, a judge is not immune from liability for nonjudicial actions. Mireles v.
Waco, 112 S.Ct. 286, 288 (1991); Stump v. Sparkman, 435 U.S. 349, 360 (1978); see Spencer
v. City of Seagoville, 700 S.W.2d 953, 957-58 (Tex. App.--Dallas 1985, no writ). Second, a judge
is not immune for actions taken in the complete absence of jurisdiction. Stump, 435 U.S. at 356-57; Spencer, 700 S.W.2d at 958. That a judge acts in excess of his authority does not mean he
is acting in the absence of all jurisdiction. Id. at 356.

 "Jurisdiction" in judicial immunity analysis has a connotation different from its
usual meaning. See Adams v. McIlhany, 764 F.2d 294, 298 (5th Cir. 1985), cert. denied, 474
U.S. 1101 (1986). The scope of the judge's jurisdiction for purposes of immunity is to be broadly
construed. Stump, 435 U.S. at 356. To determine whether an act was clearly outside a judge's
jurisdiction for judicial immunity purposes, the focus is whether the judge had the jurisdiction
necessary to perform an act of that kind, not on whether the judge's specific act was proper. See
Mireles, 112 S.Ct. at 289 (judge alleged to have acted without jurisdiction in authorizing and
ratifying police officers' use of excessive force in bringing attorney to judge's courtroom, and thus
to lack immunity; his alleged actions were not committed in the absence of jurisdiction because
he had jurisdiction to secure attorney's presence before him); Malina v. Gonzales, 994 F.2d 1121,
1124 (5th Cir. 1993)(because judge had power to issue citation for contempt and to impose
sentence, judge's acts in citing motorist for contempt and sentencing him to jail were within his
jurisdiction although judge had acted improperly in stopping the motorist himself, using an officer
to unofficially summon the motorist to court and charging the motorist himself).

 In other words, the question is not whether the judge acted improperly when taking
an action, but whether he had the jurisdiction necessary to take an action of that kind, even if
void. See Bradt v. West, No. 01-94-284-CV, slip. op. at 18-19 (Tex. App.--Houston [1st Dist.]
Dec. 22, 1994, writ requested) (even if show cause order void, issuing such an order is an act
within a district judge's jurisdiction as that term is used for judicial immunity purposes).

 Judge Lance's actions were judicial in nature when he punished appellant for
contempt. Judge Lance, as a district judge, has the power to punish a litigant or attorney for
contemptuous actions. That Judge Lance may have exceeded his authority to sit as the judge of
this particular court in the underlying bond forfeiture because of a technically defective
appointment does not mean that he was acting completely in the absence of all jurisdiction in the
sense that could deprive him of judicial immunity.

 Appellant also argues that summary judgment was improper because Judge Lance
should have disqualified himself from hearing the bond forfeiture cases. As with his contention
concerning the improper appointment, appellant misconstrues what is necessary to deprive a judge
of judicial immunity. No reason that appellant can advance to deprive Judge Lance of the power
to sit on the underlying bond forfeiture cases deprives him of the power to issue an order holding
appellant in contempt.

 We overrule appellant's point of error and affirm the trial court's judgment.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: March 15, 1995

Do Not Publish

1. [1] Jane Matyastik, Bob Matyastik and Harvey Vorwerk v. State, Nos. 3-93-212-CV and
3-93-213-CV (Tex. App.--Austin Nov. 2, 1994, no writ)(not designated for publication).