**AFFIRMED; Opinion Filed November 5, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00844-CV

**JAMES BELL MCCOY, Appellant**
**V.**
**CRAIG WATKINS, JUSTIN LORD, LARRY MITCHELL, RAY GRISHAM, AND**
**HENRY M. WADE, Appellees**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-13955-B**

## MEMORANDUM OPINION

Before Justices Lang, Evans, and Whitehill
Opinion by Justice Evans

James Bell McCoy appeals the dismissal of his suit against former Dallas County District Attorney Craig Watkins, Assistant District Attorney Justin Lord, Judge Larry Mitchell, former Judge Ray Grisham, and former Judge Henry M. Wade. Appellant presents four issues contending the trial court erred in granting the dismissal because appellees are not entitled to immunity, his suit is not an impermissible collateral attack on his conviction, and he has asserted a cognizable claim for malicious prosecution. We affirm the trial court's orders.

### BACKGROUND FACTS

After pleading guilty and admitting in open court that he molested his step-daughter, appellant was convicted in March 2005 of aggravated sexual assault. Appellant was sentenced to thirty-five years' confinement and this Court upheld his conviction on appeal. *See McCoy v.*

*State*, No. 05-05-00458-CR, 2007 WL 2325509 (Tex. App.—Dallas Aug. 13, 2007, no pet.). On November 15, 2007, appellant filed a petition for writ of habeas corpus which was denied by the court of criminal appeals. A year and a half later, appellant filed an application for writ habeas corpus in federal court contending that the statute of limitations on his offense was improperly extended in violation of the ex post facto protections of the United States Constitution. The United States District Court for the Northern District of Texas concluded appellant's argument was without merit because (1) he had waived all non-jurisdictional defects by pleading guilty and (2) there was no ex post facto violation. *See McCoy v. Thaler*, No. 3:09-CV-405-K, 2011 WL 4632869, at *2 (N.D. Tex. Sept. 14, 2011). The court noted that the new statute of limitations was enacted before the original limitations period on appellant's offense had expired. The extension of a limitations period that has not yet expired does not violate constitutional protections against ex post facto prosecutions. *Id*.

On June 18, 2013, appellant filed this suit against the judges, district attorney, and assistant district attorney who were involved in his indictment, prosecution, and conviction. Appellant alleges that appellees committed malicious prosecution by applying a statute of limitations to his offense that did not go into effect until after the offense was committed. His claim, therefore, is based on the same alleged ex post facto violation that was rejected by the federal court. *See id*. Appellees answered and moved to dismiss the suit asserting, among other things, lack of subject matter jurisdiction on the ground of immunity. The trial court granted appellees' pleas to the jurisdiction and motions to dismiss and dismissed appellant's claims with prejudice. Appellant then brought this appeal.

## ANALYSIS

In his first issue, appellant contends the trial court erred in concluding appellees were protected by immunity and dismissing his suit for lack of subject matter jurisdiction. Whether

the trial court has subject matter jurisdiction is a matter of law that we review de novo. *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 808 (Tex. App.—Dallas 2006, pet. denied). In performing this review, we do not look to the merits of the case, but consider only the pleadings and evidence relevant to the jurisdictional inquiry. *Id*. at 809.

Appellant's sole claim against each of the appellees is for malicious prosecution. Appellant contends that appellees' application of the later-enacted statute of limitations amounts to malicious prosecution because he was indicted, prosecuted, and convicted in violation of the ex post facto protections of both the United States and Texas constitutions.

Judges enjoy absolute immunity from suit for judicial acts unless such acts fall clearly outside the judge's subject matter jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Spencer v. City of Seagoville*, 700 S.W.2d 953, 957–58, (Tex. App.—Dallas 1985, no writ). Judges will not be deprived of such immunity even if the action taken was in error, done maliciously, or in excess of authority. *See Stump*, 435 U.S. at 356. Similarly, prosecutors have absolute immunity for activities "intimately associated with the judicial phase of the criminal process." *See Font v. Carr*, 867 S.W.2d 873. 877 (Tex. App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Such activities include initiating a prosecution and presenting the State's case. *Id*.

There is no dispute that the initiation of the case against appellant, the prosecution of that case, and appellant's conviction were all either judicial acts or acts "intimately associated with the judicial phase of the criminal process." Appellant argues that appellees were "acting outside of their jurisdiction," and thereby voiding all immunity protections, by prosecuting him under an unconstitutionally applied limitations period. We first note that the issue of whether the new limitations period was unconstitutionally applied to appellant has already been resolved against him. *See McCoy*, 2011 WL 4632869, at *2. Furthermore, although qualified immunity may be

–3–

defeated by a showing that the official knew or reasonably should have known the action he took within the sphere of his official responsibility would violate the constitutional rights of the plaintiff, or that he took the action with the malicious intent to cause a deprivation of constitutional rights or other injury, no such limitation applies to the absolute immunity attendant to actions taken by judges and prosecutors as part of the judicial phase of the criminal process. *See Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982); *Oden v. Reader*, 935 S.W.2d 470, 474–76 (Tex. App.—Tyler 1996, no writ). Because the actions about which appellant complains were all either judicial acts or acts associated with the judicial process, appellees are protected by absolute immunity from suit and the trial court lacks subject matter jurisdiction over appellant's suit.

Based on the foregoing, we resolve appellant's first issue against him. Because of our resolution of appellant's first issue, it is unnecessary for us to address his remaining issues. We affirm the trial court's orders.

/David W. Evans/

DAVID EVANS

140844F.P05                                     JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES BELL MCCOY, Appellant

No. 05-14-00844-CV          V.

CRAIG WATKINS, JUSTIN LORD,
LARRY MITCHELL, RAY GRISHAM,
AND HENRY M. WADE, Appellees

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-13955-B.
Opinion delivered by Justice Evans. Justices
Lang and Whitehill participating.

In accordance with this Court's opinion of this date, the orders of the trial court dismissing appellant JAMES BELL MCCOY'S suit are **AFFIRMED**.

It is **ORDERED** that appellees CRAIG WATKINS, JUSTIN LORD, LARRY MITCHELL, RAY GRISHAM, AND HENRY M. WADE recover their costs of this appeal from appellant JAMES BELL MCCOY.

Judgment entered this 5th day of November, 2015.