■ FRANK SANCHEZ, Appellant, v. CITY OF NEW YORK, Respondent.— Judgment for defendant unanimously reversed and vacated, on the law and on the facts, without costs or disbursements, and new trial ordered in the interests

of justice, with leave to plaintiff to move at Special Term for amendment of his notice of claim on condition, however, that the motion be made within 30 days from date of publication hereof and on further condition that, on or prior to making of such motion the plaintiff pay to the defendant $100 costs to cover the costs and disbursements of this action prior to trial. The misstatement in plaintiff's notice of claim as to the date of the alleged accident may be "corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party is not prejudiced thereby" (General Municipal Law, § 50-e, subd. 6; *Matter of Charlemagne* v. *City of New York*, 277 App. Div. 689, affd. 302 N. Y. 871; *Montana* v. *Incorporated Vil. of Lynbrook*, 23 A D 2d 585, and cases cited); and the trial court had the power to disregard the same if it properly appeared that the defendant was not prejudiced by the misstatement. (General Municipal Law, § 50-e, subd. 6.) Inasmuch as the correct date of the accident, as described in plaintiff's notice of claim, was set forth in defendant's hospital records, it is doubtful if defendant was misled to its prejudice by the statement of the erroneous date in the notice. Significantly, the defendant, on an examination by its Comptroller of the plaintiff, made no sincere attempt to clarify the discrepancy between the date of the accident as set forth in its records and in the notice of claim. Furthermore, the plaintiff after obtaining the hospital records and upwards of a year before the trial, served upon the defendant a bill of particulars which correctly set forth the date of the accident. Although the plaintiff, upon the trial, contended that the defendant had not been misled to its prejudice, the trial court, without consideration of the question of prejudice, ruled that the plaintiff would be confined to the proof of an accident occurring on the precise date set forth in his notice of claim. This was in disregard of the powers of the trial court to allow an amendment of the notice of claim and, under the circumstances, amounted to an abuse of discretion. Consequently, the dismissal of plaintiff's complaint should be set aside and the plaintiff should be given an opportunity to amend his notice of claim and to have a new trial. Since the plaintiff was aware of the defect in his notice of claim well in advance of the trial, orderly practice required that his motion to amend his notice of claim be made in advance of the trial; and, thus, we have awarded costs against him as aforesaid. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.