228 N.J. Super. 360 (1988)
549 A.2d 894
CEIL ABEL, PLAINTIFF-APPELLANT,
v.
CITY OF ATLANTIC CITY, ATLANTIC COUNTY, NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 4, 1988.
Decided November 3, 1988.
*361 Before Judges DREIER and BROCHIN.
Taylor, Kotlikoff, McCormack & Taylor, attorneys for appellant (Daniel McCormack, of counsel and on the brief).
Savio, Reynolds & Drake, attorneys for respondent (Elizabeth R. Haig, on the brief).
The opinion of the court was delivered by BROCHIN, J.S.C. (temporarily assigned).
The issue in this case is whether the tort claims notice filed on behalf of Ceil Abel as a condition for a suit against the City of Atlantic City was adequate in content and timely filed and, if not, whether the motion judge properly denied the claimant permission to file a notice of late claim.
Mrs. Abel alleges that she was injured on November 3, 1986, when she stumbled and fell while she was crossing Atlantic Avenue at its intersection with New York Avenue in Atlantic City. She claims that the cause of her fall was a pothole in the street which resulted from negligent maintenance by the City.
In order to be entitled to maintain a suit for damages against a public entity, a term which includes a municipality, a tort claimant must give timely notice of his claim as prescribed by statute. N.J.S.A. 59:8-3, 4 and 5. A notice is not timely if it is presented later than ninety days after the accrual of the claimant's cause of action (N.J.S.A. 59:8-8) unless:
"[I]n the discretion of a judge of the superior court, [the claimant is] permitted to file such notice at any time within 1 year after the accrual of his claim provided that the public entity has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion based upon affidavits showing sufficient reasons for his *362 failure to file notice of claim within the period of time prescribed ..." N.J.S.A. 59:8-9.
In the present case, since Mrs. Abel claims to have suffered her fall on November 3, 1986, the time for presenting her notice of claim expired February 1, 1987. Her attorney presented a notice of claim on her behalf on January 30, 1987, within the prescribed ninety day period. However, the medical records forwarded to plaintiff's attorney from which he obtained the information for the notice of claim included references both to the injury which Mrs. Abel sustained on November 3, 1986, and to a similar injury which she sustained on September 2, 1986. Mrs. Abel's attorney apparently misread the file and in the notice of claim which he filed on her behalf, he mistakenly stated that the accident for which she intended to bring suit had happened on September 2, 1986.
Because plaintiff's attorney thought that his client's accident had occurred on September 2, 1966, he concluded that January 30, 1987, the date on which he filed the notice, was more than ninety days after the accrual of her cause of action. On or about January 31, 1987, he therefore filed a notice of motion pursuant to N.J.S.A. 59:8-9 requesting permission to file a notice of late claim. In support of that motion, counsel filed his own affidavit which stated that neither plaintiff, an eighty-six year old woman, nor the Pennsylvania attorney whom she consulted was aware of the notice requirements of the New Jersey Tort Claims Act, that the matter had been referred to him after the expiration of the ninety-day filing period and that he filed the notice of claim on Mrs. Abel's behalf promptly after receiving the file.
That application to file a notice of late claim was denied on February 27, 1987, for the stated reason that "mere ignorance of the law is not a sufficient reason to excuse noncompliance with the notice requirement." Plaintiff moved for reconsideration of that decision. The motion for reconsideration was granted, but by an order of May 27, 1987, permission to file the notice of late claim was again denied.
*363 Approximately November 2, 1987, plaintiff filed a notice of motion "for declaration that tort claims notice was made within time." In support of that motion, he filed Mrs. Abel's certification and his own affidavit. Plaintiff's attorney testifies, among other things, that he was not able to discuss the case with Mrs. Abel until June 3, 1987, when she corrected his misimpression, explaining to him that the accident had occurred November 3, 1986.
In opposition to the plaintiff's motion, Atlantic City filed the affidavit of Ron Price, the City Engineer. Mr. Price stated that Atlantic Avenue at its intersection with New York Avenue was repaved between October 8, 1986 and November 13, 1986.
Plaintiff's notice of motion "for declaration that tort claims notice was made within time" was denied by two separate orders. One order, dated December 4, 1987, ruled that "plaintiff's Notice of Tort Claim, which was filed on January 30, 1987, was not filed within the ninety day limit." The other, dated December 9, 1987, denied "plaintiff's application for a declaration that the Tort Claims Notice filed on or about January 27, 1987 was made in accordance with the notice requirements of the New Jersey Tort Claims Act."
Before this court, plaintiff argues, first, that when the Law Division denied her permission to file a notice of late claim, its exercise of discretion was mistaken and, secondly, that her original notice of claim, filed on or about January 30, 1987, constituted substantial compliance with the requirements of the New Jersey Tort Claims Act despite its having described the accident as one which occurred on September 2, 1986, rather than on November 3, 1986. Defendant argues to the contrary on both points.
Our review of the motion judge's rulings necessarily starts with a consideration of two decisions of the New Jersey Supreme Court which have dealt with the notice provisions of the Tort Claims Act. Those two cases are S.E.W. Friel Company v. N.J. Turnpike Authority, 73 N.J. 107 (1977), and Lamb v. *364 Global Landfill Reclaiming, 111 N.J. 134 (1988). The facts of each are different from ours. Nonetheless, the two cases are important for our purposes because the Supreme Court's opinions in those cases instruct the lower courts how the notice provisions of the statute are to be interpreted and applied. In S.E.W. Friel Company, supra, where the Law Division had denied plaintiff's motion to file a notice of late claim and the Appellate Division had affirmed, the Supreme Court reversed and ruled that in denying plaintiff's application, the trial court's "discretion was mistakenly exercised." Id. 73 N.J. at 120. The court said:
Our Tort Claims Act is modeled on the California Tort Claims Act of 1963. [Citation omitted.] The courts of that state have examined more carefully cases in which permission to file a late claim has been denied than those in which it has been granted, "to the end that wherever possible cases may be heard on their merits, and any doubts which may exist should be resolved in favor of the application." Viles v. Cal., 66 Cal.2d 24, 56 Cal. Rptr. 666, 669, 423 P.2d 818, 821 (Sup.Ct. 1967); see e.g., Thompson v. Fresno Cty., 59 Cal.2d 686, 31 Cal. Rptr. 44, 381 P.2d 924 (Sup.Ct. 1963). We adopt that approach as the proper one for consideration of applications to file claims under the New Jersey Tort Claims Act. Id. at 122.
In Lamb v. Global Landfill Reclaiming, 111 N.J. 134 (1988), decided eleven years after S.E.W. Friel Co., the Supreme Court again reversed the Appellate Division and reinstated an order of the trial court which granted permission for the filing of a notice of late claim in an environmental tort case. The Supreme Court found that the complexity of the case constituted "sufficient reasons." Id. at 147. The court declared that in S.E.W. Friel Co., it had "expressly adopted the approach of the California courts," Id. at 147, and it reiterated the language quoted above from those cases. The importance which it ascribed to the policy expressed by that language is evidenced by the fact that in Lamb the Supreme Court discerned "sufficient reasons" for permitting the filing of a notice of late claim even though the "full and complete explanation given by plaintiffs [for their late filing], as set forth in their attorney's affidavit" was:

*365 Plaintiffs were unable to comply with the notice of claims requirement within the ninety (90) day period because of the severity of their injuries and inability to investigate the circumstances surrounding the complained of occurence. Lamb v. Global Landfill Reclaiming, 111 N.J. at pp. 134-135 (Clifford, J., dissenting).
In the present case, viewing Mrs. Abel's position indulgently as we are admonished to do by S.E.W. Friel Co. and Lamb, so that her claim may be disposed of upon its merits, we hold that the original notice of claim filed on plaintiff's behalf within ninety days after her accident on November 3, 1986, adequately complied with the notice requirements of the New Jersey Tort Claims Act. N.J.S.A. 59:1-1 et seq. Her notice was filed January 30, 1987, within ninety days after November 3, 1986. It identified the claimant, described where and how the accident occurred and what injuries had been sustained, and it stated that the claimant did not know of any witnesses. The flaw in Mrs. Abel's notice was that it mistakenly described the accident as having happened on September 2, 1986, rather than on its actual date, November 3, 1986. However, attached to the notice of claim as filed were copies of hospital records which detail Mrs. Abel's condition and treatment and which show clearly that the date of the accident for which the treatment was rendered was November 3, 1986.
There is no suggestion that the erroneous date was supplied in bad faith with an intention to mislead. Mrs. Abel's New Jersey attorney received her file from a Pennsylvania attorney on January 27, 1987. Her medical records which were included in her file showed that she was 85 years old at the time of the accident and that she walked with a cane. The hospital records dated November 3, 1986, plainly indicate that the accident occurred on November 3, 1986. However, the file also contains letters from physicians dated September 18, September 28, and December 8, 1986. The September letters report treatments to Mrs. Abel for injuries related to a fall which she suffered on September 2, 1986. The December 8 letter refers both to the falls of September 2 and of November 3. Mrs. Abel's New *366 Jersey attorney obviously became confused and wrote down the wrong date on the notice of claim form.
The erroneous date on the notice of claim form could not have prejudiced the City of Atlantic City. If anyone had been interested in investigating Mrs. Abel's claim, he would have looked at the file attached to the notice of claim. The correct date of the accident would have been obvious to an investigator examining the file because he would surely have read the hospital records and the letters from the treating physicians which were attached to the notice of claim.
The City argues that since Mrs. Abel's attorney mistook the date, it is unreasonable of him to contend that the City should have read the file correctly. Even if claimant's attorney's use of the wrong date was negligent, however, that fact does not answer the question whether the correct date was sufficiently obvious from the file attached to the notice of claim form so that the form constituted adequate notice to Atlantic City. The significant fact is that Mrs. Abel's notice as filed, with the medical and hospital records which accompanied it, revealed to anyone who read the records with reasonable care that she had fallen and injured herself at the intersection of New York and Atlantic Avenue in Atlantic City on November 3, 1986. Consequently, her notice of claim filed January 30, 1987, provided adequate notice in substantial compliance with the statute. See Sanchez v. City of New York, 25 A.D.2d 731, 268 N.Y.S.2d 732 (1966), in which the court, construing the notice provision of a tort claim statute whose language is somewhat different from ours, reversed a judgment for the defendant and noted that "inasmuch as the correct date of the accident, as described in plaintiff's notice of claim, was set forth in defendant's hospital records, it is doubtful if defendant was misled to its prejudice by the statement of the erroneous date in the notice." 268 N.Y.S.2d at 733. Cf. Zamel v. Port of New York Authority, 56 N.J. 1 (1970); Dambro v. Union County Park Commission, 130 N.J. Super. 450 (Law.Div. 1974). See also Lamerio v. West *367 New York Board of Education, 136 N.J. Super. 585, 588 (Law. Div. 1975).
Furthermore, we are also of the opinion that, assuming claimant's notice of January 30, 1986, was inadequate, the motion judge should have granted permission to Mrs. Abel to file a notice of late claim. Except in Lamb v. Global Landfill Reclaiming, 219 N.J. Super. 446 (App.Div. 1987), rev'd 111 N.J. 134 (1988), which was reversed by the Supreme Court, every published decision of this court which we have found has held claimant's reasons for filing a notice of late claim to be "sufficient" whenever the application was made within one year of the accrual of the claimant's cause of action and the claimant's delay was not the result of procrastination or ambivalence about suing. Thus, in Dyer v. Newark, 174 N.J. Super. 297 (App.Div. 1980), we reversed the trial court and ruled that permission should be granted to file a notice of late claim because, "Viewed with liberality, we can well understand how a grief-stricken person of limited education could fail to take the affirmative action of filing a notice of claim within the brief period of 90 days provided by the statute." Id. at 300-301. In Kleinke v. Ocean City, 147 N.J. Super. 575, 580 (App.Div. 1977), we reversed the trial judge who had denied permission, and we held that the claimant's serious medical condition, his confinement for medical reasons outside the state, and the delay caused by a New Jersey attorney who held the file for a period of time without filing and then declined representation were "sufficient reason." In Keller v. Somerset Cty., 137 N.J. Super. 1, 9 (App.Div. 1975), we affirmed a trial judge's ruling that the debilitating emotional strain which a son's death imposed on the claimant and the fact that she was unaware for more than ninety days that she had a possible claim against a public entity were "sufficient reasons." In Murray v. Barnegat Light House, 192 N.J. Super. 399 (App.Div. 1983), aff'd 200 N.J. Super. 534 (App.Div. 1985), certif. granted, 101 N.J. 305 (1985), appeal dismissed, 102 N.J. 374 (1985), we held that a claimant's confinement to her home as the result of her accident and her *368 failure to consult an attorney for six months warranted permitting her to file late.
Especially revealing are the two cases in which we held that the claimant did not have "sufficient reasons" to permit the filing of a notice of late claim because the claimant's delay in filing was caused by ambivalence about prosecuting a claim in New Jersey. In Lutz v. Tp. of Gloucester, 153 N.J. Super. 461 (App.Div. 1977), we reversed a trial judge who had granted permission. We said
... In essence ... plaintiff's concession that the delay on her part was occasioned by her indecision whether to press a claim negates the presence of an adequate or `sufficient' basis for judicial relief. The very purpose of the 90-day requirement is to compel a claimant to expose his intention and information early in the process in order to permit the public entity to undertake an investigation while witnesses are available and the facts are fresh. If a claimant does not comply solely because she has not made up her mind to file a claim, she presents nothing more than the very circumstance which the statute is designed to prevent. Mere ambivalence about prosecuting a claim is no excuse and no reason for relief. Id. at 466.
Similarly, in In re Matter of Roy, 142 N.J. Super. 594 (App. Div. 1976), certif. den. 71 N.J. 504 (1976), the claimant tried to justify his delay in filing by contending that he was unable to learn the names of the persons whose allegedly negligent administration of first aid caused his wife's death. However, the court found that that information was available from an article which appeared in the local newspaper approximately six weeks after the accident. In our opinion affirming the trial judge, we emphasized that he had held that "plaintiff knew at all times that the public entities which were involved in the events surrounding Mrs. Roy's death were the `Emergency Squad and the Municipal Agencies' ... and that nothing had been filed that `demonstrates late information ... that was critical to the filing.'" 142 N.J. Super. at 598-99.
In the present case, the evidence shows that Mrs. Abel did not procrastinate before turning over her claim to her attorney. On the contrary, although she was an 85 year old widow who left for Florida some time not long after the accident, she consulted a Philadelphia attorney in a timely enough fashion *369 for him to forward her file to a New Jersey attorney and for the New Jersey attorney to file a notice of claim within ninety days after the actual date of the accident. The sole cause of her difficulty is that the New Jersey attorney misinterpreted the file and therefore entered the wrong date on his notice of claim form. Mrs. Abel herself is not at all culpable for the error. If the City of Atlantic City was not prejudiced, we see no reason to visit on Mrs. Abel the consequences of her attorney's misconstruing her file.
N.J.S.A. 59:8-9 conditions permission for filing a notice of late claim not only on a showing of "sufficient reasons" for the failure to file within time, but also upon a showing that "the public entity has not been substantially prejudiced thereby." In this case, Atlantic City claims prejudice because the area of its street on which Mrs. Abel fell was, according to its affidavit, repaved some time between October 8 and November 13, 1986, and the City has therefore been unable to photograph or otherwise investigate the scene of the accident in the condition which it was in on November 3.
But the argument is unpersuasive. Mrs. Abel had the right to file her notice of claim at any time up to and including February 1, 1987. If the form had been accurately completed and filed at any time after November 13, 1986, the City would also have been unable to photograph or otherwise investigate the scene of the accident. Furthermore, the fact of the matter is that a notice of claim form was filed and the City did not investigate. The affidavit filed on its behalf states that no file was opened for Mrs. Abel's claim because the stated date of the accident showed that the form had been filed late. However, the claim was filed well within one year after September 2, 1986, the date which was erroneously stated as the date of the accident. Given the nature of the injuries sustained and the causation questions which are bound to affect the issue of the City's liability because of Mrs. Abel's past history and her physical condition, a decision on the part of the City to defer any investigation until after a motion had been made and *370 granted to file a notice of late claim may have been entirely reasonable. But by deferring an investigation and proceeding with repaving, the City took a gamble that permission would not be granted and thus is itself responsible for whatever prejudice it claims to have suffered.
N.J.S.A. 59:8-9 speaks in terms of "the discretion of a judge of the superior court" to permit or, by implication, deny permission, to file a notice of late claim. However, as stated in Lutz v. Gloucester Tp., 153 N.J. Super. at 469:
... the discretion resting with the trial judge in this substantive determination whether sufficient reasons exist for the waiver of the 90-day notice requirement is not without bounds. It is legal discretion which requires a judgment directed by law and reason and supported by adequate facts and looking to a just result.
For the reasons stated in this opinion, we hold that if a notice of late claim was required, the motion judge's denial of permission to file it was a mistaken exercise of discretion.
Accordingly, we rule that Mrs. Abel may file her complaint provided that she does so within two years after the date of the accident; that is, by November 2, 1988.