236 N.J. Super. 294 (1989)
565 A.2d 1084
JOHN IACONIANNI, ADMINISTRATOR OF THE ESTATE OF FRANK IACONIANNI, DECEASED, AND GLORIA IACONIANNI, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS,
v.
NEW JERSEY TURNPIKE AUTHORITY, DEFENDANT-APPELLANT, AND RAYMOND E. LORD, KENT M. MONTGOMERY, C & D ENTERPRISES AND GRAYSON MITCHELL, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 2, 1989.
Decided October 19, 1989.
*295 Before Judges J.H. COLEMAN and SKILLMAN.
No one argued the cause for appellant. (Donington, Leroe, Salmond & Luongo, attorneys for appellant New Jersey Turnpike Authority; Susan G. Rankin on the brief).
Robert T. Ford argued the cause for respondent (Russo, Courtney, Foster, Secare, Tassini & Ford, attorneys for respondents; Robert T. Ford on the brief).
The opinion of the court was delivered by COLEMAN, J.H., P.J.A.D.
In this case involving an action for wrongful death and survival, the key issue raised is whether a notice of claim was given to the New Jersey Turnpike Authority (Turnpike Authority) "within 1 year after the accrual of [the] claim" within the meaning of N.J.S.A. 59:8-9. The trial court held that notice of claim should be permitted more than one year after the accident and death. We disagree and reverse.
The facts essential to our disposition are undisputed. On April 27, 1987, decedent Frank Iaconianni was involved in a multi-vehicular accident. Two tractor trailers that were operated by defendants Raymond E. Lord and Kent M. Montgomery *296 hooked bumpers as they proceeded north along the New Jersey Turnpike. Both trucks crashed through a guardrail. The tractor trailer that was operated by defendant Lord collided with Frank Iaconianni's vehicle that was travelling south along the New Jersey Turnpike. Frank Iaconianni died on May 25, 1987 as a result of injuries sustained in the accident.
Plaintiffs retained New York counsel on July 25, 1987 who instituted suit in the United States District Court, Eastern District of New York, on or about August 4, 1987. Thereafter, (the date is not revealed in the record), plaintiffs retained New Jersey counsel who filed a complaint in the present litigation on August 9, 1988 against all named defendants except the Turnpike Authority. Plaintiffs filed a motion on December 12, 1988 for leave to file a late notice of claim against the Turnpike Authority. In support of this motion, plaintiff relied upon the depositions of Daniel Meritz, an eyewitness to the accident, which were taken on November 16, 1988. He stated that the guardrail was "flattened like a pancake" and it "splintered like a toothpick" at the time of impact. This deposition testimony conflicted with the report of the state trooper who investigated the accident. He reported that the tractor trailers jumped the center guardrail.
The trial court granted the motion and stated the following reasons:
I'm going to grant the application on the basis that the plaintiff in this matter being deceased and the police report being misleading as to the condition of the guardrail, that the report . . that the knowledge did not accrue in the police . . and the claim was filed within the time limits of the accrual when counsel had knowledge.
While perhaps I would agree that New York counsel was not as diligent as perhaps it . . he or she should have been, I don't think under these circumstances that I would blame the plaintiff.
I suggest that we get [take an appeal] this up. Let's get a definitive decision as to whether I'm right or I'm wrong.
On this appeal, the Turnpike Authority argues that the judge was without jurisdiction to grant the motion because the causes of action accrued on the dates of the accident and death *297 and also because the discovery rule, see Lopez v. Swyer, 62 N.J. 267 (1973), has no application to this case. We agree. Plaintiffs retained New York counsel on July 25, 1987, who filed suit in New York without naming the Turnpike Authority as a party. Both New York and New Jersey counsel apparently failed to initially attribute any fault to the erection or maintenance of the guardrail because the Turnpike Authority was not made a party in the original complaint. There is no evidence that the death of the decedent impeded the investigation in any sense. In addition, nothing has been called to the attention of the court which would indicate that either the decedent's death or the state trooper's report of the accident delayed ascertaining the identity or whereabouts of Daniel Meritz. The difference between the eyewitness's version respecting the guardrail and of the state trooper's was simply one of focus on a different theory of fault, and not whether the guardrail was implicated in the accident. Indeed, it was apparent to three other attorneys representing three other plaintiffs within 90 days of the accident that the guardrail may not have performed its anticipated purpose by not preventing the tractor trailers from crossing over into the southbound traffic lanes. These three attorneys filed timely claims within 90 days based on the initial police report without the benefit of depositions of Daniel Meritz.
We find no factual basis for application of the discovery rule. Fuller v. Rutgers, the State University, 154 N.J. Super. 420, 423-424 (App.Div. 1977), certif. den. 75 N.J. 610 (1978); Bell v. County of Camden, 147 N.J. Super. 139, 143 (App.Div. 1977). Under the facts, counsel for plaintiffs knew, "or by an exercise of reasonable diligence and intelligence should have discovered that [plaintiffs] may have a basis for an actionable claim" against the Turnpike Authority before May 25, 1988. Lopez v. Swyer, 62 N.J. at 272. Reasonable diligence required an investigation of the accident that went beyond a mere reading of the police report before the discovery rule may be invoked. Furthermore, the cases discussing toxic torts and the discovery *298 rule are unique, and for this reason they have no application to this case. See Lamb v. Global Landfill Reclaiming, 111 N.J. 134 (1988); Vispisiano v. Ashland Chemical Co., 107 N.J. 416 (1987); Ayers v. Township of Jackson, 106 N.J. 557 (1987).
Absent evidence to support an application of the discovery rule, for purposes of N.J.S.A. 59:8-9, the survival cause of action accrued on the date of the accident, see Fuller, supra, and the wrongful death cause of action accrued on the date of death, Dyer v. City of Newark, 174 N.J. Super. 297, 299 (App.Div. 1980); Torres v. Jersey City Medical Center, 140 N.J. Super. 323, 326 (Law Div. 1976). Because the late notice of claim was filed well beyond the one-year outer limit, the trial court had no jurisdiction to extend the filing period. See Barbaria v. Township of Sayreville, 191 N.J. Super. 395, 400 (App.Div. 1983); Priore v. State, 190 N.J. Super. 127 (App.Div. 1983); Hill v. Board of Educ. of Middletown, 183 N.J. Super. 36 (App.Div.), certif. den. 91 N.J. 233 (1982).
Therefore, the order dated March 16, 1989 is reversed. So much of the amended complaint that alleged a claim against the Turnpike Authority is dismissed. See Guzman v. City of Perth Amboy, 214 N.J. Super. 167, 171 (App.Div. 1986).
Reversed.