266 N.J. Super. 676 (1993)
630 A.2d 409
THERMON WILLIAMS, PLAINTIFF-APPELLANT,
v.
WARREN MACCARELLI, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted June 9, 1993.
Decided August 5, 1993.
*677 Before Judges GAULKIN, STERN and BROCHIN.
Venturi, Goodwin & Brockway, attorneys for appellant (Jack Venturi, on the letter brief).
Robert J. Del Tufo, Attorney General of New Jersey, attorney for respondent State of New Jersey (Esther E. Bakonyi, Deputy Attorney General, on the letter brief).
Union County Counsel, attorney for respondents Warren Maccarelli, Director Oriscello Correctional Facility and Union County Jail (Lisa F. Chrystal, Assistant County Counsel, on the letter brief).
The opinion of the court was delivered by BROCHIN, J.A.D.
Plaintiff Thermon Williams appeals from an order of the Law Division which denied his application to file a late notice of claim pursuant to N.J.S.A. 59:8-9 against Union County and the State of *678 New Jersey. For the following reasons, we conclude that the application should have been granted.
On September 2, 1991, while plaintiff Thermon Williams was a prisoner in the Federal Detention Annex of the Union County Jail, medical personnel at the jail gave him penicillin for a tooth infection. He suffered a severe allergic reaction and was hospitalized as a result. He alleges that administering penicillin to him was negligent because his medical records in the possession of the medical personnel at the jail clearly disclosed his allergy to penicillin.
A notice of claim against a public entity should be filed within ninety days of the accrual of the cause of action. N.J.S.A. 59:8-8. Because the allegedly negligent administration of penicillin to plaintiff and his allergic reaction occurred on September 2, 1991, his notice of claim should have been filed with the State and the County no later than December 1, 1991. He did not file his notice by that date. Instead, on December 4, 1991, three days after the deadline, he filed a notice of motion for leave to file a late notice of claim pursuant to N.J.S.A. 59:8-9.
N.J.S.A. 59:8-9 provides that an "[a]pplication to the court for permission to file a late notice of claim shall be made upon motion based upon affidavits showing sufficient reasons for [the claimant's] failure to file notice of claim within the period of time prescribed by § 59:8-8 of this Act...." Plaintiff's application was denied without prejudice by the motion judge to whom it was presented because plaintiff did not state "sufficient reasons for the failure to file timely notices of claim...."
Plaintiff then filed a second notice of motion, alleging in substance that the notices of claim had not been filed within time because the law clerks to whom the task of preparing them had been assigned were negligent. This second motion was heard by a different judge and was also denied.
In an oral opinion, the second motion judge stated that "inadequacy of counsel is not a sufficient reason," citing Iaconianni v. *679 New Jersey Turnpike Authority, 236 N.J. Super. 294, 565 A.2d 1084 (App.Div. 1989), certif. denied, 121 N.J. 592, 583 A.2d 299 (1990) and Bell v. Co. of Camden, 147 N.J. Super. 139, 370 A.2d 886 (App.Div. 1977). The judge explained:
In the case at bar, plaintiff has been represented by [his counsel] since his incarceration.... [Counsel] was aware of his client's mishap soon after it occurred. However, he neglectfully failed to supervise several law students employed by him. Plaintiff's counsel was fully aware of the statutory limitation of ninety days. Yet, he assigned the task of preparing the notice, albeit, a task of limited difficulty, to one student after another, all along with the statutory clock ticking away.
Clearly, no excusable neglect was present.
Rather [counsel] inadequately performed his task of making sure the job gets done and gets done right.
It is, of course, settled that an attorney must take responsibility for the work of his staff done under his orders. [Counsel] will not be permitted to pass the buck. In fact, the buck stops with him.
Iaconianni and Bell, upon which the second motion judge relied to deny plaintiff's application, are both inapposite. In Iaconianni, the accident which was the basis for plaintiff's cause of action occurred on April 27, 1987; he filed his motion for leave to file a late notice of claim against the New Jersey Turnpike Authority on December 12, 1988. In Bell, the accident which was the basis for plaintiff's cause of action occurred on April 14, 1973; the notice of motion for leave to file a late notice of claim was not filed on his behalf until some time after November 21, 1974. Thus in both of those cases, the plaintiffs sought leave to file a late notice of claim more than one year after the accrual of their causes of action. N.J.S.A. 59:8-9, upon which plaintiff relies in the present case, authorizes the trial court to permit the filing of a late notice of claim "at any time within 1 year after the accrual of his claim...." The court is without jurisdiction to permit filing of a late notice of claim more than one year after the accrual of the claimant's cause of action. Fuchilla v. Layman, 210 N.J. Super. 574, 577-78, n. 1, 510 A.2d 281 (App.Div. 1986), aff'd, 109 N.J. 319, 537 A.2d 652 (1988), cert. denied, 488 U.S. 826, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988).
*680 In Abel v. City of Atlantic City, 228 N.J. Super. 360, 368-69, 549 A.2d 894 (App.Div. 1988), certif. denied, 114 N.J. 477, 555 A.2d 604, the claimant's attorney negligently filed a notice of claim which stated an erroneous date as the date of occurrence of his client's accident. We held that if the original notice of claim was ineffective because of that error and if the attempt to rectify the error was considered an application to file a late notice of claim, that application should have been granted. We stated:
The sole cause of [the claimant's] difficulty is that the New Jersey attorney misinterpreted the file and therefore entered the wrong date on his notice of claim form. Mrs. Abel [the claimant] herself is not at all culpable for the error. If the City of Atlantic City [the public entity defendant] was not prejudiced, we see no reason to visit on Mrs. Abel the consequences of her attorney's misconstruing her file.
In our view, the principle of Abel is applicable here. The State of New Jersey and the County of Union were not prejudiced by the three-day delay, and no justifiable purpose is served by sanctioning the client for his attorney's negligence. Even an affirmance would not bar plaintiff from suing the individuals whom he alleges were negligent. Cf. Chatman v. Hall, 128 N.J. 394, 608 A.2d 263 (1992) (public employees are not immune to suit under Tort Claims Act and may be found liable if their failure to use care was palpably unreasonable). From time to time, all judges must wish for a rule that would authorize us to sanction an attorney for delinquencies such as those exhibited in the present case. But the circumstances of this case do not warrant our punishing the plaintiff for his attorney's fault.
The denial of plaintiff's application to file a late notice of claim was a mistaken exercise of discretion. The order appealed from is reversed and the case is remanded to the Law Division for further proceedings not inconsistent with this opinion.