**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2661-20

SHELIAH WADDELL, as
administratrix and administratrix
ad prosequendum of the Estate of
BERNARD T. WADDELL, SR.,
and SHELIAH WADDELL,
individually,

      Plaintiffs-Respondents,

v.

COUNTY OF HUDSON,
HUDSON COUNTY
CORRECTIONAL CENTER,
RONALD P. EDWARDS,
JONATHAN CASTANEDA,
and THOMAS A. DEGISE,

      Defendants-Appellants.

_____

Argued June 7, 2022 – Decided July 21, 2022

Before Judges Currier, DeAlmeida, and Smith.

On appeal from the Superior Court of New Jersey, Law
Division, Hudson County, Docket No. L-0892-21.

James F. Dronzek argued the cause for appellants (Chasan Lamparello Mallon & Cappuzzo, PC, attorneys; James F. Dronzek, of counsel and on the briefs; Kirstin Bohn, on the briefs).

Daniel B. Devinney argued the cause for respondents (Snyder Sarno D'Aniello Maceri & da Costa, LLC, attorneys; Paul M. da Costa, Sherry L. Foley, and Timothy J. Foley, of counsel and on the brief).

PER CURIAM

In March 2020, decedent Bernard Waddell contracted COVID-19 while working as a corrections officer at the Hudson County Correctional Center. He died on April 1, 2020. Plaintiffs filed a notice of tort claim required under N.J.S.A. 59:8-8 in November 2020 and moved for leave to file a late notice in March 2021. The trial court granted the motion. Because we conclude plaintiffs did not present extraordinary circumstances to warrant the late filing of a tort claim notice, we reverse.

Bernard's wife, Sheliah, presented a certification in support of the motion for leave to file a late tort claim notice. She stated that Bernard's death certificate, issued April 7, 2020, confirmed he died of viral pneumonia secondary to COVID-19. She further certified that her son was sick with COVID-19 from mid-April "until the end of May 2020." And that she was grieving over the death of her husband during that time period. Sheliah stated

she did not "consider that [her] husband's death [might] have been due to the fault of another" until some months later. She retained counsel to represent her in this action in October 2020.

In response to plaintiffs' motion, defendants presented several certifications. One was from a claims analyst for the third-party administrator of Hudson County's self-insured workers' compensation program. The claims analyst certified that the county asked him to open a workers' compensation claim for Bernard on April 2, 2020. The analyst communicated with Sheliah in July both by phone and email regarding her husband's compensation claim and advised her that Bernard's timecard revealed he was exposed to co-workers and inmates who tested positive for COVID-19. Sheliah received reimbursement for funeral expenses and dependency benefits as part of the compensation claim.

An employee of the County Finance Department certified she assisted Sheliah in May 2020 and for several months thereafter, in obtaining several types of benefits available to the Estate, including the federal Public Safety Officers' Benefit Program.

In a written decision granting plaintiffs leave to file a late claim, the trial court stated: "The [c]ourt accepts [Sheliah's] certification, together with the ongoing public health crisis, to find that [plaintiffs] ha[ve] shown sufficient

A-2661-20

reasons for [their] failure to timely file the notice of tort claim." The court declined defendants' request to hold a Lopez[1] hearing, stating it was unnecessary as "[t]he determinative factors" in finding "sufficient reasons for the late filing" were "the ongoing health crisis, the death of [Bernard], and [the Waddell's] son who became ill thereafter."

On appeal, defendants assert the court abused its discretion in finding extraordinary circumstances existed to permit plaintiffs to file a late notice of tort claim.

We are mindful that a grant of permission to file a late tort claim notice is left to the sound discretion of the trial court and will be sustained on appeal absent the showing of an abuse thereof. McDade v. Siazon, 208 N.J. 463, 476-77 (2011) (citing Lamb v. Glob. Landfill Reclaiming, 111 N.J. 134, 146 (1988)). "Although deference will ordinarily be given to the factual findings that undergird the trial court's decision, the court's conclusions will be overturned if they were reached under a misconception of the law." D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 147 (2013) (citing McDade, 208 N.J. at 473-74).

N.J.S.A. 59:8-8 requires a plaintiff to file a notice of claim upon a public entity "not later than the ninetieth day after accrual of the cause of action."

---

[1] Lopez v. Swyer, 62 N.J. 267, 273-76 (1973).

McDade, 208 N.J. at 468 (quoting N.J.S.A. 59:8-8). The failure to serve a notice of claim within the statutory ninety-day period results in a bar against the claim and recovery. Id. at 476; N.J.S.A. 59:8-8. Plaintiffs' cause of action accrued on April 1, 2020—the date of Bernard's death. See Iaconianni v. N.J. Tpk. Auth., 236 N.J. Super. 294, 298 (App. Div. 1989). Plaintiffs do not dispute the accrual date or that the tort claims notice was filed well after the ninety-day period.

In limited circumstances, relief can be afforded under N.J.S.A. 59:8-9, which allows a plaintiff to move for leave to file a late notice "within one year after the accrual of [their] claim." McDade, 208 N.J. at 476. The trial court may grant the motion if there are "'sufficient reasons constituting extraordinary circumstances' for the claimant's failure to timely file" a notice of claim within the statutory ninety-day period, and if "the public entity [is not] 'substantially prejudiced' thereby." Id. at 477 (quoting N.J.S.A. 59:8-9). Determining "extraordinary circumstances" and substantial prejudice requires a "trial court to conduct a fact-sensitive analysis of the specific case." Id. at 478.

The Legislature intended the "extraordinary circumstances" required for a late filing of claim notice to be a demanding standard. See D.D., 213 N.J. at 147-48 (citing Lowe v. Zarghami, 158 N.J. 606, 625-26 (1999)). A court looks to the "severity of the medical condition and the consequential impact" on the

claimant's ability to seek redress and pursue a claim. D.D., 213 N.J. at 150. When analyzing the facts, a court must determine how the evidence relates to the claimant's circumstances during the ninety-day time period. Id. at 151. See, e.g., Jeffrey v. State, 468 N.J. Super. 52, 55 (App. Div. 2021) (finding extraordinary circumstances where the plaintiff was rendered a quadriplegic after an accident and remained completely disabled and unable to perform even rudimentary movements); Mendez v. S. Jersey Transp. Auth., 416 N.J. Super. 525, 533-35 (App. Div. 2010) (determining the plaintiff's injuries and memory loss sustained in a motor vehicle accident that required weeks of hospitalization qualified as an extraordinary circumstance); Maher v. Cnty. of Mercer, 384 N.J. Super. 182, 189-90 (App. Div. 2006) (finding extraordinary circumstances where the medical condition of a plaintiff, who contracted staph infection, was so severe that she was treated by an induced coma and not expected to survive).

In contrast to the above-demonstrated extraordinary circumstances, plaintiffs have not presented any facts to demonstrate a situation so "severe, debilitating or uncommon" to prevent Sheliah from contacting an attorney and pursuing a claim. D.D., 213 N.J. at 150. She was not incapacitated, confined to a hospital, or under a mental impairment as seen in other instances. And although she certified she was "concentrating" on her son, who also contracted

COVID-19, she did not state he was hospitalized or gravely ill; he recovered from the illness in May.

In the weeks immediately following Bernard's death, Sheliah communicated with county employees and workers' compensation claims representatives regarding potential benefits related to her husband's death. She was aware Bernard was exposed to COVID-19 while working for the county and that he died of complications from the disease. Although Sheliah states she was initially unaware defendants had any legal liability for Bernard's death, our Supreme Court has rejected knowledge of fault as an excuse for a late tort claim notice filing. See Savage v. Old Bridge-Sayreville Med. Grp., P.A., 134 N.J. 241, 248 (1993).

Although we are sympathetic to Sheliah's loss and the unprecedented impact of COVID-19, the circumstances here do not meet the required high threshold to bring a claim under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to -12-3. Sheliah's conduct in the ninety days following Bernard's death confirms she could have contacted an attorney from her home, as she eventually did. See O'Neill v. City of Newark, 304 N.J. Super. 543, 553-54 (App. Div. 1997).

The trial court misapprehended the applicable law by finding there were sufficient reasons to warrant the late filing. The statute and applicable caselaw requires <u>sufficient reasons constituting extraordinary circumstances</u>. Because plaintiffs cannot demonstrate extraordinary circumstances existed for the untimely filing of the tort claims notice—222 days after Bernard's death, we are constrained to reverse the April 27, 2021 order.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2661-20