**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2671-20

SEIBY UGAZ,

     Plaintiff-Respondent,

v.

COUNTY OF HUDSON,
HUDSON COUNTY
CORRECTIONAL CENTER,
RONALD P. EDWARDS,
JONATHAN CASTANEDA,
and THOMAS A. DEGISE,

     Defendants-Appellants.

_____

Argued June 7, 2022 – Decided July 21, 2022

Before Judges Currier, DeAlmeida, and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0895-21.

James F. Dronzek argued the cause for appellants (Chasan Lamparello Mallon & Cappuzzo, PC, attorneys; James F. Dronzek, of counsel and on the briefs; Kirstin Bohn, on the briefs).

Daniel B. Devinney argued the cause for respondent (Snyder Sarno D'Aniello Maceri & da Costa, LLC, attorneys; Paul M. da Costa, Sherry L. Foley, and Timothy J. Foley, of counsel and on the brief).

PER CURIAM

Plaintiff was employed as a corrections officer at the Hudson County Correctional Facility when he was diagnosed with COVID-19 on March 25, 2020. He was hospitalized for ten days and released on April 4, 2020. He advised hospital staff he had been indirectly exposed at work to a person who later tested positive for COVID-19.

Plaintiff filed a notice of tort claim required under N.J.S.A. 59:8-8 on December 31, 2020 and moved for leave to file a late notice in March 2021. The trial court granted the motion. Because we conclude plaintiff did not present extraordinary circumstances to warrant the late filing of a tort claim notice, we reverse.

In plaintiff's certification accompanying the motion for leave to file a late claim notice, he stated he retained counsel in May 2020 to pursue workers' compensation benefits. He further advised he continued to have "after-effects" of the illness, "including lung damage and diminished oxygen levels." Plaintiff stated he learned in December 2020 that the family of another corrections officer was pursuing litigation against the county related to his death from COVID-19

and it was then that he "had any basis to reasonably believe that [his] illness was potentially due to the fault of another."[1]

In a written decision granting plaintiff leave to file a late claim, the trial court stated: "The [c]ourt accepts [p]laintiff's certification, together with the ongoing public health crisis, to find that [the] statutory threshold for permittance of late notice of claim here is met." The court granted plaintiff's motion on April 27, 2021.

On appeal, defendants assert the court abused its discretion in finding extraordinary circumstances existed to permit plaintiff to file a late notice of tort claim.

We are mindful that a grant of permission to file a late tort claim notice is left to the sound discretion of the trial court and will be sustained on appeal absent the showing of an abuse thereof. McDade v. Siazon, 208 N.J. 463, 476-77 (2011) (citing Lamb v. Glob. Landfill Reclaiming, 111 N.J. 134, 146 (1988)). "Although deference will ordinarily be given to the factual findings that undergird the trial court's decision, the court's conclusions will be overturned if

---

[1] Plaintiff is referring to Bernard Waddell. Plaintiff's attorney instituted identical suits on behalf of Ugaz, Waddell, a corrections officer, and Edwin Montanano, a nurse employed by a private company at the facility. This court issued opinions in each of those cases on this date. See Waddell v. Cnty. of Hudson, No. A-2661-20; Montanano v. Cnty. of Hudson, No. A-2667-20.

they were reached under a misconception of the law." D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 147 (2013) (citing McDade, 208 N.J. at 473-74).

N.J.S.A. 59:8-8 requires a plaintiff to file a notice of claim upon a public entity "not later than the ninetieth day after accrual of the cause of action." McDade, 208 N.J. at 468 (quoting N.J.S.A. 59:8-8). The failure to serve a notice of claim within the statutory ninety-day period results in a bar against the claim and recovery. Id. at 476; N.J.S.A. 59:8-8.

Although it is not clear, the trial court seemed to find plaintiff's cause of action accrued on March 25, 2020—the date he was diagnosed with COVID-19. See Iaconianni v. N.J. Tpk. Auth., 236 N.J. Super. 294, 298 (App. Div. 1989) (stating the accrual of a cause of action is the date of injury). Plaintiff did not appeal from the court's finding and does not dispute before this court the accrual date or that the tort claims notice was filed well after the ninety-day period.

In limited circumstances, relief can be afforded under N.J.S.A. 59:8-9, which allows a plaintiff to move for leave to file a late notice "within one year after the accrual of [their] claim." McDade, 208 N.J. at 476. The trial court may grant the motion if there are "'sufficient reasons constituting extraordinary circumstances' for the claimant's failure to timely file" a notice of claim within the statutory ninety-day period, and if "the public entity [is not] 'substantially

prejudiced' thereby." Id. at 477 (quoting N.J.S.A. 59:8-9). Determining "extraordinary circumstances" and substantial prejudice requires a "trial court to conduct a fact-sensitive analysis of the specific case." Id. at 478.

The Legislature intended the "extraordinary circumstances" required for a late filing of claim notice to be a demanding standard. See D.D., 213 N.J. at 147-48 (citing Lowe v. Zarghami, 158 N.J. 606, 625-26 (1999)). A court looks to the "severity of the medical condition and the consequential impact" on the claimant's ability to seek redress and pursue a claim. Id. at 150. When analyzing the facts, a court must determine how the evidence relates to the claimant's circumstances during the ninety-day time period. Id. at 151. See, e.g., Jeffrey v. State, 468 N.J. Super. 52, 55 (App. Div. 2021) (finding extraordinary circumstances where the plaintiff was rendered a quadriplegic after an accident and remained completely disabled and unable to perform even rudimentary movements); Mendez v. S. Jersey Transp. Auth., 416 N.J. Super. 525, 533-35 (App. Div. 2010) (determining the plaintiff's injuries and memory loss sustained in a motor vehicle accident that required weeks of hospitalization qualified as an extraordinary circumstance); Maher v. Cnty. of Mercer, 384 N.J. Super. 182, 189-90 (App. Div. 2006) (finding extraordinary circumstances where the

medical condition of a plaintiff, who contracted a staph infection, was so severe that she was treated by an induced coma and not expected to survive).

In contrast to the above-demonstrated extraordinary circumstances, plaintiff has not presented any facts to demonstrate a situation so "severe, debilitating, or uncommon" to prevent him from contacting an attorney and pursuing a claim. D.D., 213 N.J. at 150. To the contrary, because plaintiff was aware he contracted COVID-19 while working, he retained counsel in May 2020 to procure workers' compensation benefits.

As plaintiff informed hospital staff, he knew he was exposed to COVID-19 while working for the County. Although he states he was initially unaware defendants had any legal liability for his illness, our Supreme Court has rejected knowledge of fault as an excuse for a late tort claim notice filing. See Savage v. Old Bridge-Sayreville Med. Grp., P.A., 134 N.J. 241, 248 (1993).

Although we recognize the unprecedented impact of COVID-19, the circumstances here do not meet the required high threshold to bring a claim under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to -12-3. Plaintiff's conduct in the ninety days following his COVID-19 diagnosis confirms he could have contacted an attorney, as he did when pursuing workers' compensation

benefits.  See O'Neill v. City of Newark, 304 N.J. Super. 543, 553-54 (App. Div. 1997).

The trial court misapprehended the applicable law by finding there were sufficient reasons to warrant the late filing.  The statute and applicable caselaw requires sufficient reasons constituting extraordinary circumstances.  Because plaintiff cannot demonstrate extraordinary circumstances existed for the untimely filing of the tort claims notice—281 days after his COVID-19 diagnosis, we are constrained to reverse the April 27, 2021 order.

Reversed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2671-20