**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2667-20

ANNABELLA MONTANANO,
on behalf of the Estate of
EDWIN R. MONTANANO, as
executrix of the Estate of EDWIN
R. MONTANANO,  and
ANNABELLA MONTANANO,
individually,

     Plaintiffs-Respondents,

v.

COUNTY OF HUDSON,
HUDSON COUNTY
CORRECTIONAL CENTER,
RONALD P. EDWARDS,
JONATHAN CASTANEDA,
and THOMAS A. DEGISE,

     Defendants-Appellants.

_____

Argued June 7, 2022 – Decided July 21, 2022

Before Judges Currier, DeAlmeida, and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0894-21.

James F. Dronzek argued the cause for appellants (Chasan Lamparello Mallon & Cappuzzo, PC, attorneys; James F. Dronzek, of counsel and on the briefs; Kirstin Bohn, on the briefs).

Daniel B. Devinney argued the cause for respondents (Snyder Sarno D'Aniello Maceri & da Costa, LLC, attorneys; Paul M. da Costa, Sherry L. Foley, and Timothy J. Foley, of counsel and on the brief).

PER CURIAM

Decedent Edwin Montanano worked for a private health care company that provided services to the Hudson County Correctional Facility. Edwin began working as a nurse at the correctional facility in January 2019.

Edwin was diagnosed with COVID-19 on March 23, 2020; he died on April 5, 2020. Plaintiffs filed a notice of tort claim required under N.J.S.A. 59:8-8 in November 2020 and moved for leave to file a late notice in March 2021. The trial court granted the motion. Because we conclude plaintiffs did not present extraordinary circumstances to warrant the late filing of a tort claim notice, we reverse.

In support of the motion for leave to file a late claim, Edwin's wife, Annabella, provided a certification. She stated that after her husband died, she too was sick with COVID-19 and "remained extremely ill until approximately June 16, 2020."

A-2667-20

Annabella further certified that she received a letter from the United States Department of Labor informing her that the Occupational Safety and Health Administration (OSHA) was investigating the circumstances of her husband's death.[1]  Around the same time, Annabella spoke with one of Edwin's colleagues who advised her that conditions at the correctional facility might have contributed to Edwin's death.  Annabella retained counsel two months later—in mid-November 2020, who subsequently filed a tort claim notice.

In a written decision granting plaintiffs leave to file a late claim, the trial court stated: "The [c]ourt accepts [Annabella's] certification, together with the ongoing public health crisis, to find that [plaintiffs] ha[ve] shown sufficient reasons for [their] failure to timely file the notice of tort claim."  The court declined defendants' request to hold a Lopez[2] hearing, stating it was unnecessary as "[t]he determinative factors" in finding "sufficient reasons for the late filing" were "the ongoing health crisis, the death of [Edwin], and [Annabella's] illness."

---

[1] Although the letter was sent to Annabella and referenced Edwin, the inspection number referenced in the letter pertains to an electrician who died of COVID-19, contracted during his employment at Newark Beth Israel Medical Center.

[2] Lopez v. Swyer, 62 N.J. 267, 273-76 (1973).

On appeal, defendants assert the court abused its discretion in finding extraordinary circumstances existed to permit plaintiffs to file a late notice of tort claim.

We are mindful that a grant of permission to file a late tort claim notice is left to the sound discretion of the trial court and will be sustained on appeal absent the showing of an abuse thereof. McDade v. Siazon, 208 N.J. 463, 476-77 (2011) (citing Lamb v. Glob. Landfill Reclaiming, 111 N.J. 134, 146 (1988)). "Although deference will ordinarily be given to the factual findings that undergird the trial court's decision, the court's conclusions will be overturned if they were reached under a misconception of the law." D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 147 (2013) (citing McDade, 208 N.J. at 473-74).

N.J.S.A. 59:8-8 requires a plaintiff to file a notice of claim upon a public entity "not later than the ninetieth day after accrual of the cause of action." McDade, 208 N.J. at 468 (quoting N.J.S.A. 59:8-8). The failure to serve a notice of claim within the statutory ninety-day period results in a bar against the claim and recovery. Id. at 476; N.J.S.A. 59:8-8. Plaintiffs' cause of action accrued on April 5, 2020—the date of Edwin's death. See Iaconianni v. N.J. Tpk. Auth., 236 N.J. Super. 294, 298 (App. Div. 1989). Plaintiffs do not dispute the accrual date or that the tort claims notice was filed well after the ninety-day period.

4

In limited circumstances, relief can be afforded under N.J.S.A. 59:8-9, which allows a plaintiff to move for leave to file a late notice "within one year after the accrual of [their] claim." McDade, 208 N.J. at 476. The trial court may grant the motion if there are "'sufficient reasons constituting extraordinary circumstances' for the claimant's failure to timely file" a notice of claim within the statutory ninety-day period, and if "the public entity [is not] 'substantially prejudiced' thereby." Id. at 477 (quoting N.J.S.A. 59:8-9). Determining "extraordinary circumstances" and substantial prejudice requires a "trial court to conduct a fact-sensitive analysis of the specific case." Id. at 478.

The Legislature intended the "extraordinary circumstances" required for a late filing of claim notice to be a demanding standard. See D.D., 213 N.J. at 147-48 (citing Lowe v. Zarghami, 158 N.J. 606, 625-26 (1999)). A court looks to the "severity of the medical condition and the consequential impact" on the claimant's ability to seek redress and pursue a claim. Id. at 150. When analyzing the facts, a court must determine how the evidence relates to the claimant's circumstances during the ninety-day time period. Id. at 151. See, e.g., Jeffrey v. State, 468 N.J. Super. 52, 55 (App. Div. 2021) (finding extraordinary circumstances where the plaintiff was rendered a quadriplegic after an accident and remained completely disabled and unable to perform even rudimentary

movements); <u>Mendez v. S. Jersey Transp. Auth.</u>, 416 N.J. Super. 525, 533-35 (App. Div. 2010) (determining the plaintiff's injuries and memory loss sustained in a motor vehicle accident that required weeks of hospitalization qualified as an extraordinary circumstance); <u>Maher v. Cnty. of Mercer</u>, 384 N.J. Super. 182, 189-90 (App. Div. 2006) (finding extraordinary circumstances where the medical condition of a plaintiff, who contracted staph infection, was so severe that she was treated by an induced coma and not expected to survive).

In contrast to the above-demonstrated extraordinary circumstances, plaintiffs have not presented any facts to demonstrate a situation so "severe, debilitating, or uncommon" to prevent Annabella from contacting an attorney and pursuing a claim. <u>D.D.</u>, 213 N.J. at 150. She has not asserted she was incapacitated, confined to a hospital, or under a mental impairment as seen in other instances. And although she stated, without further detail, that she also contracted COVID-19, she advised she had recovered by June. Five more months passed before she filed a tort claims notice.

Annabella was aware that Edwin was exposed to COVID-19 while working in the county facility and that he died of complications from the disease. Although Annabella states she was unaware defendants had any legal liability for Edwin's death, our Supreme Court has rejected knowledge of fault as an

A-2667-20

excuse for a late tort claim notice filing.  See Savage v. Old Bridge-Sayreville Med. Grp., P.A., 134 N.J. 241, 248 (1993).  Moreover, even after Annabella learned that OSHA was investigating her husband's death and a colleague informed her that conditions at the correctional facility might have contributed to Edwin's death, she still waited another two months before contacting an attorney.  She presented no reason for the additional delay.

Although we are sympathetic to Annabella's loss and the unprecedented impact of COVID-19, the circumstances here do not meet the required high threshold to bring a claim under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to -12-3.  Annabella presented no evidence to constitute extraordinary circumstances preventing her from filing a timely tort claims notice or contacting an attorney in the ninety days following Edwin's death.  See O'Neill v. City of Newark, 304 N.J. Super. 543, 553-54 (App. Div. 1997).

The trial court misapprehended the applicable law by finding there were sufficient reasons to warrant the late filing.  The statute and applicable caselaw requires sufficient reasons constituting extraordinary circumstances.  Because plaintiffs cannot demonstrate extraordinary circumstances existed for the untimely filing of the tort claims notice—222 days after Edwin's death, we are constrained to reverse the April 27, 2021 order.

Reversed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2667-20